William **KNAUER**, etc.,
et al., Plaintiffs,

v.

**OHIO STATE LIFE INSURANCE CO.**, Defendant.

No. 3:99CV7766.

United States District Court,
N.D. Ohio,
Western Division.

June 16, 2000.

Duane L. Galloway, Pfefferle & Galloway, Sandusky, OH, John Timothy Murray, Sr., Barbara Quinn Smith, Paula J. Chmura, Murray & Murray, Sandusky, OH, Timothy P. Dillon, Shernoff, Bidart, Darras & Dillon, Claremont, CA, Mark A. Chavez, Chavez & Gertler, Millvalley, CA, for William Knauer.

Hugh M. Stanley, Jr., Jayne L. Jakubaitis, Arter & Hadden, Cleveland, OH, Steven R. Smith, William M. Connelly, Connelly, Jackson & Collier, Toledo, OH, for Ohio State Life Ins. Co.

## MEMORANDUM OPINION

KATZ, District Judge.

This diversity action is before the Court on Plaintiffs' motion to remand. For the following reasons, Plaintiffs' motion will be denied.

### BACKGROUND

Plaintiffs William and Alice B. Knauer are residents of Ohio. Defendant Ohio State Life Insurance Company is incorporated and has its principal place of business in Texas.

In October, 1997, Plaintiffs applied to Defendant for two life insurance policies, each with a face value of $100,000. At that time, Mr. Knauer gave Defendant a check for $15,000 to cover policy premiums, and Ms. Knauer gave Defendant a check for $10,000 to cover policy premiums. Defendant processed Plaintiffs' applications, and issued policies nineteen days later, on November 6, 1997.

Plaintiffs filed suit against Defendant in state court, claiming that Defendant fraudulently charged them premiums prior to the date on which the insurance policies were issued, and falsely represented that they had insurance coverage during that period when they did not. Plaintiffs also claim that they have suffered actual damages by being deprived of the interest they could have earned on their premium deposits during the processing period. Mr. Knauer alleges that he suffered damages of $780; Mrs. Knauer alleges that she suffered damages of $520. Plaintiffs have indicated that they desire to bring their suit as a class action. They ask for compensatory and punitive damages, equitable relief including injunction, rescission, and the imposition of a constructive trust, and costs and fees.

On December 20, 1999, Defendant removed on grounds of diversity. It claims that over $75,000 is in dispute on each Plaintiff's claim, since the insurance policies in issue have face values of $100,000.

On March 23, 2000, Plaintiffs filed a motion to remand, alleging that neither named plaintiff meets the amount in controversy requirement of 28 U.S.C. § 1332 because their individual damages were less than $800 each. Plaintiffs further allege that diversity jurisdiction is lacking because the amount in controversy requirement cannot be met as to each one of the 23,509 potential class members.

Defendant has filed opposition to Plaintiffs' motion to remand on the merits, and Plaintiffs have replied thereto. Both sides agree that the named parties are of diverse citizenship; thus, the sole issue is whether the amount in controversy requirement is met. The Court discusses the parties' contentions below.

### DISCUSSION

A. *Whether the Named Plaintiffs' Claims Satisfy the Amount in Controversy Requirement*

■ The first issue the Court must decide is whether the named Plaintiffs' claims satisfy the amount in controversy requirement. If the named Plaintiffs' claims do not exceed $75,000, exclusive of interest and costs, there is no subject matter jurisdiction. 28 U.S.C. § 1332.

■ In this case, each Plaintiff has asked for relief including the rescission of an insurance policy with a face value of $100,000. Where a plaintiff's complaint includes a claim for rescission of an insurance policy, the face value of the policy is considered in determining whether the jurisdictional amount is met under § 1332. *Massachusetts Cas. Ins. Co. v. Harmon,* 88 F.3d 415, 416 (6th Cir.1996). Therefore, more than $75,000 is in dispute in this case. The named Plaintiffs' claims satisfy the jurisdictional amount. Since the Court has jurisdiction over the named Plaintiffs' claims, remand is improper.

B. *Whether the Claims of Putative Class Members Satisfy the Amount in Controversy Requirement*

The next issue the Court must address is whether the claims of unnamed, putative

class members satisfy the amount in controversy requirement.

### 1. *Propriety of Considering Putative Class Members' Claims When Class Has Not Been Certified*

■ The first question the Court must answer in deciding that issue is whether it is proper to consider the amount of the claims of putative class members when no class has been certified. Both sides agree that a putative class action should ordinarily be treated as a class action for the purpose of determining federal diversity jurisdiction despite the fact that a class has not yet been certified. *Garcia v. General Motors Corp.*, 910 F.Supp. 160, 162 (D.N.J.1995). Defendant argues, however, that the Court should not follow the usual rule in the case at bar because the likelihood that this case will be certified as a class action is remote. In support, Defendant cites to several cases in which federal courts have refused to certify class actions on similar factual allegations.[1] Defendant does not, however, cite to a single case in which a federal court has found it to be improper to consider the claims of putative class members in determining whether diversity jurisdiction exists, merely because it is unlikely that a class will ultimately be certified.

The Court agrees with Defendant that it would be improper to consider the claims of putative class members in determining jurisdiction if the class allegations were facially meritless. In this case, however, the Court finds it proper to consider putative class members' claims. First, the Court does not wish to conflate consideration of jurisdictional issues with class certification issues, particularly where the class certification issue has not been fully briefed. Second, although class certification has been denied in the vast majority of cases involving "vanishing premiums" claims, there is at least one reported case in which a class was certified on allegations similar to those in Plaintiffs' complaint, so the class allegations are not *obviously* frivolous. *In re Great Southern Life Ins. Co. Sales Practices Litigation*, 192 F.R.D. 212 (N.D.Tex.2000). Third, Plaintiffs' complaint in the case at bar includes allegations that apparently were not present in the cases cited by Defendant. The Court will consider whether it has jurisdiction over the claims of putative class members.

It is important to point out that the Court's resolution of this issue does not affect the Court's determination that it has jurisdiction to decide the claims brought by the named Plaintiffs. Since the named plaintiffs to this action are of diverse citizenship with the defendant insurance company, the Court has original jurisdiction over their claims, as well as the claims of any other, unnamed plaintiffs whose claims exceed the jurisdictional minimum of $75,000.

### 2. *Pendent Party Jurisdiction in Diversity Class Actions*

Plaintiffs allege that the claims of many unnamed putative class members will be for less than the jurisdictional amount, even when punitive damages and attorneys' fees are included. Therefore, argue Plaintiffs, the jurisdictional amount is not met as to those class members, and the entire case must be remanded.

■ Plaintiffs' argument is incorrect. Contrary to Plaintiffs' assertion, when some, but not all, class members cannot meet the jurisdictional amount, it is neither necessary nor proper to remand the

---

1. *See, e.g., In re Jackson Nat'l Life Ins. Co. Premium Litigation*, 193 F.R.D. 505, ——, 2000 WL 729540, at *2 (W.D.Mich.2000); *Keyes v. Guardian Life Ins. Co. of America*, 194 F.R.D. 253, ——, 2000 WL 566876, at *3 (S.D.Miss.2000); *Adams v. Kansas City Life Ins. Co.*, 192 F.R.D. 274, 277 (W.D.Mo.2000); *Kent v. SunAmerica Life Ins. Co.*, 190 F.R.D. 271, 279–80 (D.Mass.2000); *Cohn v. Massachusetts Mut. Life Ins. Co.*, 189 F.R.D. 209, 215–17 (D.Conn.1999); *Parkhill v. Minn. Mut. Life Ins. Co.*, 188 F.R.D. 332, 343–44 (D.Minn.1999).

entire case for lack of subject matter jurisdiction. This Court retains jurisdiction over the claims of all class members whose claims meet the jurisdictional amount. Only those class members whose claims appear to a legal certainty to fall below the jurisdictional threshold are subject to dismissal. *Zahn v. International Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Having determined that subject matter jurisdiction exists over the named Plaintiffs' claims, the Court must exercise jurisdiction in this case. The sole issue is whether it is proper for the Court to exercise jurisdiction over the claims of all putative class members, or only the claims of those putative class members whose claims independently meet the jurisdictional amount.

■ The Circuits are split as to whether the supplemental jurisdiction statute, 28 U.S.C. § 1367, permits a Court to exercise pendent party jurisdiction in diversity class actions where at least one class member satisfies the amount in controversy requirement. In 1973, the Supreme Court, construing the predecessor to the current supplemental jurisdiction statute, held that each class member must satisfy the jurisdictional amount requirement independently. *Zahn*, 414 U.S. at 301, 94 S.Ct. 505.

The supplemental jurisdiction statute was amended in 1990. The current statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.... Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). In diversity actions,

there is no pendent party jurisdiction where the additional parties plaintiff are joined pursuant to Fed.R.Civ.P. 19 (joinder of persons needed for just adjudication) or Fed.R.Civ.P. 24 (intervention), but the statute contains no such exception where the additional parties plaintiff are joined pursuant to Fed.R.Civ.P. 23 (class actions). 28 U.S.C. § 1367(b). Thus, the plain language of the supplemental jurisdiction statute permits pendent party jurisdiction over the claims of class members who do not satisfy the amount in controversy requirement in class actions where federal jurisdiction is predicated on diversity of citizenship.

It is clear from the legislative history of the supplemental jurisdiction statute, however, that Congress did not intend to allow pendent party jurisdiction in any diversity cases, including class actions. H.R.Rep. No. 101–734, at 29 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6875. The statute's failure to include class actions among those types of cases in which there is no pendent party jurisdiction appears to be a clerical error.

In this unusual situation—where the plain language of the statute directly contradicts Congress's evident intent—the Circuits are divided as to which should be controlling.[2] The Fifth and Seventh Circuits have held that since the statute itself is unambiguous, the plain language of the statute must control. *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 931 (7th Cir.1996); *Free v. Abbott Labs. (In re Abbott Labs.)*, 51 F.3d 524, 528–29 (5th Cir.1995), *aff'd by an equally divided court*, —— U.S. ——, 120 S.Ct. 1578, 146 L.Ed.2d 306 (2000). The Third and Tenth Circuits, on the other hand, have held that the statute should be construed to effectuate Congress's evident intent, notwithstanding the statute's inart-

---

**2.** A bill currently pending in Congress would resolve the difficulty by amending 28 U.S.C. § 1332 to create diversity jurisdiction over class actions where even one class member meets the jurisdictional requisites. Interstate

Class Action Jurisdiction Act of 1999, H.R. 1875, 106th Cong. (1999). That bill passed in the House of Representatives on September 23, 1999 and has been referred to the Senate Committee on the Judiciary.

ful phraseology.[3] *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 219–22 (1999); *Leonhardt v. Western Sugar Co.*, 160 F.3d 631, 638–41 (1998). Any other result, hold those Circuits, would be "to say to Congress: 'We know what you meant to say, but you didn't quite say it. So the message from us in the judicial branch to you in the legislative branch is: Gotcha! And better luck next time.'" *Meritcare*, 166 F.3d at 221 (*quoting Russ v. State Farm Mut. Automobile Ins. Co.*, 961 F.Supp. 808, 820 (E.D.Pa.1997)).

The Sixth Circuit has not addressed the issue. The sole reported opinion from the Northern District of Ohio has adopted the view that the supplemental jurisdiction statute should be construed to effectuate Congress's intent, so that each member of the putative class must satisfy the amount in controversy as a prerequisite to federal subject matter jurisdiction. *Crosby v. America Online, Inc.*, 967 F.Supp. 257 (N.D. Ohio 1997 (Oliver, J.)).[4] This Court believes that the better policy is to avoid intra-district splits wherever possible, and will follow Judge Oliver's holding in *Crosby*. Under that holding, this Court has jurisdiction only over the claims of putative plaintiffs whose claims, exclusive of interest and costs, exceed $75,000.

### 3. *Amount of Claims of Unnamed Putative Class Members*

The next issue, therefore, becomes whether the claim of each unnamed putative class member exceeds $75,000. Defendant has certified that the average face value of the insurance policies issued to the 23,509 putative class members is $72,510.04. Since many, if not most, putative class members have insurance policies worth $75,000 or less, those plaintiffs will meet the jurisdictional amount only if punitive damages and/or attorney fees are substantial enough to bring their claims over the $75,000 threshold.

Both sides agree it is unlikely, in light of the putative class size of 23,509, that a given plaintiff's pro rata share of any foreseeable punitive damage and/or attorney fee award will be substantial. Even a punitive damage award of $23,000,000 would raise each plaintiff's pro rata share of the recovery by less than $1,000. It is virtually certain that a class member holding an insurance policy worth $50,000 or $60,000 will be unable to meet the amount in controversy requirement on the basis of the value of the insurance policy plus a pro rata share of any foreseeable punitive damage and/or attorney fee award.[5]

■ Defendant has argued that punitive damages and attorney fees should be aggregated, so that each putative plaintiff is treated as receiving the entire amount of any foreseeable punitive damage award. Aggregation of a damage award is permitted only where the plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). Such an interest exists when "if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *Id.*

---

**3.** *See, e.g.,* Thomas C. Arthur & Richard D. Freer, *Close Enough for Government Work: What Happens When Congress Doesn't Do Its Job*, 40 EMORY L.J. 1007, 1007 (1991) (calling § 1367(b) a "nightmare of draftmanship").

**4.** The few federal district courts in Michigan to have addressed the issue uniformly hold the same. *Casteel v. Sara Lee Corp.*, 51 F.Supp.2d 816 (E.D.Mich.1999); *Taylor v. American Tobacco Co., Inc.*, 983 F.Supp. 686 (E.D.Mich.1997). There appear to be no re-

cent reported decisions from Kentucky or Tennessee addressing the issue in the wake of *Stromberg* and *Abbott*.

**5.** Punitive damages and attorney fees would have to exceed $587,725,000 before a plaintiff holding a $50,000 insurance policy would have a high enough pro rata share of the proceeds to meet the amount in controversy requirement. That amount represents roughly ¹⁄₁₀ the gross domestic product of either Iceland or Laos.

Courts are divided on the issue of whether punitive damage awards in class actions may be aggregated. Some courts hold that punitive damages are fundamentally collective because they "are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1332 (5th Cir.1995) *(quoting City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266–67, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981)); *accord Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996). Because punitive damages are not compensatory, they are individual awards in function only. Therefore, hold those courts, the full amount of foreseeable punitive damages should be counted for each plaintiff in determining the jurisdictional amount. *Allen*, 63 F.3d at 1333.

Other courts hold that since each class member has a separate and distinct interest in a portion of the total punitive damages, the amount claimed must be apportioned among all class members. *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1428–31 (2d Cir.1997).

This Court believes that neither position should be a *per se* rule for all class actions involving punitive damage claims. Rather, the Court must look to the complaint itself to see if the punitive damages claimed are collective or individual in nature. In this case, Plaintiffs' complaint prays for an order "[a]warding Plaintiffs and the Class punitive damages in an amount to be determined at trial. ..." (Compl.¶ 152(b)). The claim, as made, is a collective claim. If one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs will be increased. On the complaint as written, the Court finds that it is proper to attribute the full amount of any foreseeable damages award to each putative plaintiff.

Both sides agree that a reasonable punitive damages award could exceed $75,000 in this case. Therefore, the Court finds that the amount in controversy requirement is met as to each putative class member. This Court has jurisdiction over the entire controversy.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is denied. This Court will retain jurisdiction over the entire controversy.

IT IS SO ORDERED.