IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 99-40430

———————————————

H & D TIRE AND AUTOMOTIVE-HARDWARE INC, ET AL,

Plaintiffs,

H & D TIRE AND AUTOMOTIVE-HARDWARE INC; BEARD PLUMBING CO;
JONES AND JONES, INC.,

Plaintiffs-Appellants,

versus

PITNEY BOWES INC, ET AL,

Defendants,

PITNEY BOWES INC; PITNEY BOWES CREDIT,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Eastern District of Texas

———————————————

April 30, 2001

ON PETITION FOR PANEL REHEARING
AND REHEARING EN BANC

(Opinion September 27, 2000, 5th Cir. 2000, ____F.3d____)

Before POLITZ, GIBSON,* and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

———————————————

* Circuit Judge of the Eighth Circuit, sitting by designation.

Pitney Bowes moved for panel rehearing and rehearing en banc, following our decision to vacate this case for lack of jurisdiction.[1] We remain convinced that the federal courts have no jurisdiction over this case.

It began in a Texas state court in February of 1995. Plaintiffs, H&D Tire, Beard, and Jones & Jones, sued on behalf of a class of persons allegedly the victims of certain unauthorized charges Pitney Bowes made when plaintiffs traded up from one piece of leased equipment to another.

In their state court petition, plaintiffs alleged that their individual damages from the trade-up charges "would not exceed $30,000." They also alleged, following Texas practice, that their damages exceeded "the minimum jurisdictional limits" of the state court. The plaintiffs also requested punitive damages and attorneys' fees. Pitney Bowes removed the case to federal court in August of 1995. In its removal petition, Pitney Bowes alleged that: the amount in controversy would exceed $50,000 (then the jurisdictional minimum for diversity jurisdiction), that "[p]resumably plaintiffs will seek substantial punitive damages based upon [Pitney Bowes'] asserted wealth," and that punitive damages could be aggregated across the class to satisfy the jurisdictional amount.

---

[1] *See H&D Tire and Automotive Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326 (5th Cir. 2000).

Plaintiffs moved for remand and supported their motion with a declaration stating that each plaintiff's individual claim "does not, never did and never will exceed the sum or value of $50,000," which calculation included "any claim for actual, exemplary or other damages." This reaffirmed their earlier binding responses to discovery requests filed in state court, which denied that any individual claim exceeded $50,000. The motion to remand was referred to a magistrate, who determined that punitive damages could be aggregated across a class for purposes of computing the jurisdictional amount. He therefore found that the jurisdictional amount was met. The district court adopted that recommendation and denied the motion to remand.

In October of 1997 the district court denied class certification. In its Findings of Fact, the district court found that H&D Tire's trade-up charge was $72, that Beard's was $254, and that Jones & Jones's was $990. After fourteen months of inactivity, the district court ultimately granted Pitney Bowes summary judgment. Plaintiffs appealed. On appeal, we determined that federal subject matter jurisdiction was lacking because aggregation of punitive damages was improper, and absent aggregation the amount in controversy was not met, either on removal or when judgment was entered in federal court. We vacated and remanded to the district court with instructions to remand to state court for lack of jurisdiction.

We would not vacate if jurisdiction were present either at the time of removal or at the time of judgment.[2]  In this case, however, the amount in controversy requirement was not met at either time.

Aggregation was the only basis for sustaining removal in the face of the capped claims on behalf of individuals.  Yet damages of individual class members cannot be aggregated across a class.  That is the law of the Fifth Circuit, even as regards punitive damages. The case relied on by Pitney Bowes, *Allen v. R&H Oil & Gas Co.*,[3] is not to the contrary.  *Allen* was limited – by the panel that decided it – to the unique circumstances of Mississippi law,[4] and has no application here.  We cannot "interpret" Rule 23 of the Federal Rules of Civil Procedure to alter the settled rule that distinct claims cannot be aggregated to meet the amount in controversy requirement.  Nor have we been pointed to controlling law establishing that, in claiming punitive damages, class members were seeking "to enforce a single title or right in which they have a

---

[2] *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75-78 (1996).

[3] 63 F.3d 1326, 1329 (5th Cir. 1995).

[4] *See Allen v. R&H Oil & Gas Co.*, 70 F.3d 26 (5th Cir. 1995) (per curiam) ("[T]he panel is of the unanimous view that the opinion in this case specifically reflects a result under the Mississippi law of punitive damages and is not to be construed as a comment on any similar case that might arise under the law of any other state.").

4

common and undivided interest."[5]  As Justice Black explains in
*Snyder*:

> To overrule the aggregation doctrine at this late date
> would run counter to the congressional purpose in
> steadily increasing through the years the jurisdictional
> amount requirement. . . . If there is a present need to
> expand the jurisdiction . . . we cannot overlook the fact
> that the Constitution specifically vests that power in
> the Congress, not in the courts.[6]

Some may chafe under this fundamental brought forward by Justice
Black.  It remains sound, however ambitious and immodest of
judicial powers one's view might be.

No individual class member stated a claim approaching the
jurisdictional requirement, then $50,000.  The three named
plaintiffs affirmatively documented their damages as $72, $254, and
$990 respectively, and the district court found those damages as a
fact.  Pitney Bowes does not challenge these numbers.  As we
explained, attorneys for the plaintiffs stated in a declaration
filed with the district court[7] that the amount in controversy for

---

[5] *Snyder v. Harris*, 394 U.S. 332, 335 (1969).

[6] *Id.* at 339-42.

[7] This declaration paralleled plaintiffs' judicially binding
responses to interrogatories and requests for admission in state
court.  As we have held, "[w]hen specifically contested in a motion
to remand, bare allegations by the removing party (much less
statements in passing) have been held insufficient to invest a
federal court with jurisdiction."  *Asociacion Nacional de
Pescadores v. Dow Quimica*, 988 F.2d 559, 566 (5th Cir. 1993)
(Garwood, J.).   Even if plaintiffs' state court pleadings left
jurisdiction ambiguous, a post-removal affidavit violates no
principle of *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303
U.S. 283 (1938).  We make that plain in *Dow Quimica*, explaining

any individual plaintiff "does not, never did, and never will exceed the sum or value of $50,000, exclusive of interest and costs. This includes any claim for actual, exemplary or other damages." The plaintiffs further disclaimed any claim for attorney fees on behalf of any individual class member, in favor of a common fund rather than the Connecticut statute: As Pitney Bowes described plaintiffs' claim in its Brief in Support of Removal, "[f]ees in a common fund case are extracted from the class damage recovery, rather than obtained from the losing party." Defendant's only answer to the disclaimer was that "prevailing plaintiffs have the statutory means of shifting the costs of attorney fees to the CUTPA defendant." This is meritless. Defendant argued to the district court that plaintiffs' efforts to limit the amount claimed on behalf of any class member were sufficiently ambiguous that their pleadings should be ignored. As we explain, even if plaintiffs' pre-removal responses were ambiguous, the disclaimers are clear and speak to the claim at the time of removal.[8]

---

that "under those circumstances, the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal." *Dow Quimica*, 988 F.2d at 565.

[8] In response to requests for admission in state court, plaintiffs pleaded "Plaintiff denies that Plaintiff is seeking attorney fees [on behalf of individual class members] in this case." They swore that "plaintiffs' counsel will request the court to award attorney fees to plaintiffs' counsel pursuant to the common fund doctrine." Later, in support of the motion to remand, plaintiffs' counsel stated "under penalty of perjury on behalf of each of the Plaintiffs, I hereby confirm and stipulate that the Plaintiffs are not seeking attorneys' fees in this case and that

The amount in controversy requirement was not satisfied at the time of judgment for the same reason.  Of course the amount in controversy could only be satisfied if at least one of the named plaintiffs claimed damages in excess of $50,000.  Yet the plaintiffs affirmatively disclaimed any such claim, and documented their actual damages as less than $1,000 each.

Defendants point to sections of the plaintiffs' complaint that alleges damages that exceed "the minimum jurisdictional limits of this court."[9]  This ignores the fact that damages as claimed by the class and damages claimed by individuals who were class members were pleaded in separate parts of each of the amended complaints. Specifically, the provisions of the complaint relied upon by defendants claim damages on behalf of the individual plaintiffs *and* the plaintiff class.  These allegations will not support

Plaintiff's counsel will request the Court to award attorneys' fees to Plaintiff's counsel pursuant to the common fund doctrine."  We remain persuaded that if attorneys fees for individual members were claimed (contrary to the plaintiffs' pleadings), to a legal certainty attorneys fees approaching $50,000 for each of the claims was not reasonable.  We need not rest there given the explicit sworn disclaimer of plaintiffs' counsel, clarifying any ambiguity in the state court pleadings.

[9] In *Asociacion Nacional de Pescadores*, 988 F.2d at 564 n.4, in rejecting a similar argument, we observed regarding state pleadings in a remand case: "The statement in their petition that '[d]amages far exceed the minimum jurisdictional limits of this court' furnishes no basis for that inference.  The minimum amount in controversy for Texas district courts, although not entirely clear following recent constitutional and statutory changes . . . is certainly no more than $500 . . . .  Moreover, the claims of all plaintiffs are aggregated in determining whether this requirement is met."  (citations omitted).

jurisdiction because, as we have explained, the claimed damages cannot be aggregated across a class. In the separate section of each of their amended complaints in which individual claims were asserted, the plaintiffs alleged that "individual actual damages would not exceed $30,000." This pleading is not sufficient to confer federal jurisdiction, and here these separate pleadings are reinforced by the explicit disclaimer of any damages exceeding that amount on behalf of any class member.[10]

It is ordered that the petition for rehearing is DENIED.

The court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service not having voted in favor (Fed. R. App. P. and 5th Cir. R. 35), the Motion for Rehearing En Banc is DENIED.

---

[10] *See KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277 (1936) (holding that a general averment that damages will exceed the jurisdictional requirement is sufficient *unless* the complaint contains other averments which "qualify or detract from it in such measure that when all are considered together it cannot fairly be said that jurisdiction appears on the face of the complaint"); Charles Alan Wright, *Law of Federal Courts* 479 (5th ed. 1994) ("[A]n allegation that the matter in controversy exceeds, exclusive of interest and costs, the sum of $50,000 (or whatever other sum a particular statute may require) is sufficient unless the other allegations of the complaint show that less than that amount is involved.").