**Roger BOWERS, individually and in representative capacity, Plaintiff,**

v.

**JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, a Nebraska corporation and corporate successor to Alexander Hamilton Life Insurance Company of America, Defendants.**

No. 01–CV–71724–DT.

United States District Court, E.D. Michigan, Southern Division.

Aug. 10, 2001.

---

Stephen Wasinger, Royal Oak, MI, Chris T. Hellums, Birmingham, AL, for Plaintiff.

Eugene Driker, Detroit, MI, James F. Jordan, Washington, DC, for Defendants.

## OPINION

DUGGAN, District Judge.

On April 4, 2001, Plaintiff Roger Bowers filed a class action complaint in the Wayne County Circuit Court against Defendant Jefferson Pilot Financial Insurance Company. Plaintiff asserts claims of fraud (Count I), breach of contract (Count II), negligent misrepresentation (Count III), and reformation (Count IV).[1] Plaintiff asserts that Defendant fraudulently induced its policy holders to purchase "vanishing premium" life insurance policies by purposely misrepresenting the applicable interest rate, causing its policy holders to continue to incur increased premiums after the date on which their premiums were anticipated to vanish or risk losing their insurance coverage. Plaintiff also asserts that Defendant miscalculated the "equity value" of its life insurance policies, thereby depriving its policy holders of millions of dollars of equity value and increased death benefits.

On May 3, 2001, Defendant removed the action to this Court based upon both diversity jurisdiction and federal question jurisdiction. On June 1, 2001, Plaintiff filed a motion to remand the action to state court. For the reasons stated below, Plaintiff's motion to remand shall be denied.

### Discussion

Plaintiff asserts that the Court does not have subject matter jurisdiction over this action because (1) the claims of each member of the proposed class do not exceed $ 75,000 and (2) the complaint does not present a federal question. Defendant argues that because the class has not been certified, the Court must look only to the named Plaintiff to determine whether subject matter jurisdiction is proper in this

---

1. On June 27, 2001, Defendant filed a "Suggestion of Death Upon the Record" regarding Plaintiff Bowers.

case. Looking only at Plaintiff, Defendant argues that the Court has both diversity and federal question jurisdiction. In the alternative, Defendant argues that only those plaintiffs who do not meet either diversity or federal question jurisdiction should be dismissed from this suit, and those who do meet either diversity or federal question jurisdiction should be required to litigate in this Court.

### 1. Diversity Jurisdiction

28 U.S.C. § 1332 grants federal district courts subject matter jurisdiction over cases in which the amount-in-controversy exceeds $75,000 and there is complete diversity between the parties. The parties do not dispute that there is complete diversity in this case. Rather, the parties' dispute with respect to diversity jurisdiction revolves around the $75,000 amount-in-controversy requirement.

■ "In a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir.1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)). Once established, diversity jurisdiction cannot be destroyed by a subsequent change in events. *Id.*

Plaintiff concedes that his claim against Defendant meets the $75,000 threshold because his policy has a face value of $100,000. (Pl.'s Mot. Remand at 6). Plaintiff, however, claims that not *all* of the potential class members have policies with face values over $75,000 and therefore, there is no diversity jurisdiction.

■ It is generally accepted that in a class action, each plaintiff must individually meet the amount-in-controversy and that the claims of the individual plaintiffs may not be aggregated for such purposes. *See Zahn v. International Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973). This action, however, raises the question of what a court must do when some of the class members meet the amount-in-controversy, such as the named Plaintiff in this case, and others do not.

■ Relying upon three district court cases, Plaintiff argues that the entire case must be remanded even though he meets the required amount-in-controversy. *See Crosby v. Aid Ass'n for Lutherans*, 199 F.R.D. 636 (D.Minn.2001); *Casteel v. Sara Lee Corp.*, 51 F.Supp.2d 816 (E.D.Mich. 1999); *Waters v. Grosfeld*, 904 F.Supp. 616 (E.D.Mich.1995). However, in this Court's opinion, *Zahn* clearly holds otherwise. As the Supreme Court explained in *Zahn*, the fact that some class members may not meet the jurisdictional amount does not require that the entire case be remanded to state court: "Each plaintiff in a Rule 23(b)(3) class action must satisfy the jurisdictional amount, *and any plaintiff who does not must be dismissed from the case* —one plaintiff may not ride in on another's coattails." *Zahn*, 414 U.S. at 301, 94 S.Ct. at 512 (internal quotation omitted) (emphasis added). The *Zahn* court made it abundantly clear that the Court need not remand or dismiss the entire case simply because some of the individual class member's claims may not meet the jurisdictional amount requirement.

The general rule that multiple plaintiffs may not aggregate their claims requires "dismissal of *those litigants whose claims do not satisfy the jurisdictional amount,* even though other litigants assert claims sufficient to invoke the jurisdiction of the federal court." *Zahn*, 414 U.S. at 297, 94 S.Ct. at 509 (emphasis added). As the *Zahn* court explained:

This rule plainly mandates not only that there may be no aggregation and that the entire case must be dismissed where none of the plaintiffs claims more than $10,000 but also requires that *any plaintiff without the jurisdictional amount* must be dismissed from the case, even though others alleged jurisdictionally sufficient claims.

*Zahn,* 414 U.S. at 300, 94 S.Ct. at 511 (emphasis added).

Consistent with the Supreme Court's opinion in *Zahn,* a number of circuit courts have recognized that only those members of a class who do not meet the amount-in-controversy must be dismissed. As explained by the Third Circuit: *"Zahn* does not require that an entire class action be dismissed for lack of subject matter jurisdiction over some of the class members. Rather, the court is required only to dismiss those class members whose claims appear to a 'legal certainty' to be less than the jurisdictional amount." *In re LifeUSA Holding Inc.,* 242 F.3d 136, 142 (3d Cir. 2001) (internal citations omitted). *See also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1275 (11th Cir.2000) (recognizing that under *Zahn,* "only individuals with claims sufficient to satisfy the amount-in-controversy requirement may proceed as plaintiffs" and that a case should be dismissed for lack of subject matter jurisdiction only if plaintiffs "do not prove that there are class members whose individual claims satisfy the amount-in-controversy requirement"); *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 298–99 (2d Cir.2000) (stating that case should be remanded to state court only if plaintiff is unable to show to a reasonable probability that the claims of any of the plaintiffs meets the statutory requirement); *Leonhardt v. Western Sugar Co.,* 160 F.3d 631, 637–38 (10th Cir.1998) ("[U]nder the historical interpretation of § 1332, any plaintiff in a diversity class action—whether class representative or putative class member—who does not meet the jurisdictional amount-in-controversy must be dismissed from the action, and if no plaintiff can meet the amount-in-controversy, the entire class action must be dismissed.").

Therefore, in this Court's opinion, the proper approach in cases such as this, *i.e.,* where some members of the proposed class, such as Plaintiff, meet the jurisdictional amount-in-controversy, is to limit any class that may be certified to those individuals who meet the jurisdictional amount and dismiss only those who do not. *See Zahn,* 414 U.S. at 301–02, 94 S.Ct. at 512 (affirming district court's refusal to certify class action where it was not feasible to define a class of persons each of whom met the jurisdictional amount-in-controversy); *In re LifeUSA Holding Inc.,* 242 F.3d at 143 (instructing that on remand, district court was required to "ascertain whether all members of the putative class suffered injury in the amount of $75,000, or to limit any class that may be certified to individuals with requisite diversity."); *Morrison,* 228 F.3d at 1275 n. 21 (noting that on remand, district court may determine that the number of individuals, if any, who meet jurisdictional amount is too small to justify class certification). Consistent with this approach, Plaintiff's motion to remand shall be denied as it is undisputed that this Court has diversity jurisdiction over Plaintiff.

### 2. Federal Question Jurisdiction

██ Defendant also asserts that subject matter jurisdiction is proper in this case because *some* of the putative class members' claims are pre-empted by the Employee Retirement and Income Security Act ("ERISA"). 28 U.S.C. § 1331 grants federal district courts subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or trea-

ties of the United States." Generally, if removal jurisdiction is premised on the existence of a federal question, that federal question must appear on the face of the well-pleaded complaint. When a plaintiff attempts to articulate a state-law claim within an area that has been completely preempted by federal law, however, the state-law claim is converted into a federal claim for purposes of the well-pleaded complaint rule and removal jurisdiction. *See Smith v. Provident Bank,* 170 F.3d 609, 613–14 (6th Cir.1999).

 It is undisputed that the complaint itself does not set forth an ERISA claim on its face. It is further undisputed that the claims of the only named Plaintiff in this case are not governed by ERISA and do not present a federal question. In removal cases, the defendant removing the case has the burden of establishing subject matter jurisdiction. *Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000). In this Court's opinion, Defendant's claim that *some* putative class member's claims *may* involve ERISA is insufficient to sustain this burden.

Furthermore, it is doubtful that Plaintiff would even be able to certify a class including both state law and ERISA claimants. As the Sixth Circuit stated in regard to an analogous situation:

> We seriously doubt, however, that Schachner will be able to persuade the district court to certify a class which includes both state law and ERISA claimants. Schachner, who can assert only federal ERISA claims, would be unable to adequately represent a class which includes state law claimants, because his claims would not be typical of theirs, as Federal Rule of Civil Procedure 23(a)(3) requires.

*Schachner v. Blue Cross & Blue Shield of Ohio,* 77 F.3d 889, 896 n. 8 (6th Cir.1996). The Court therefore finds that Plaintiff's claims, which consist solely of state law claims, are insufficient to confer federal question jurisdiction on this Court.

### 3. Punitive Damages

 Defendant also argues that the putative class members' claims for punitive damages constitute a "common fund" thereby justifying jurisdiction over all potential class members regardless of the value of their individual insurance policies. "The general rule is that while separate and distinct claims may not be aggregated, aggregation is permissible when 'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.'" *Sellers v. O'Connell,* 701 F.2d 575, 579 (6th Cir.1983) (quoting *Snyder v. Harris,* 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969)). "An identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *Id.*

All of the circuits to consider this issue have held that punitive damages cannot be aggregated and attributed in total to each member of a putative class for purposes of satisfying the amount-in-controversy requirement of diversity jurisdiction. *See, e.g., Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1292–93 (10th Cir.2001); *H & D Tire and Auto. Hardware Inc. v. Pitney Bowes Inc.,* 250 F.3d 302, 304–05 (5th Cir. 2001); *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1264–65 (11th Cir.2000); *Gilman v. BHC Sec., Inc.,* 104 F.3d 1418, 1430–31 (2d Cir.1997). As these courts have reasoned:

> [T]he "paradigm cases" allowing aggregation of claims "are those which involve a single indivisible res, such as an estate, a piece of property (the classic example), or an insurance policy. These are matters that cannot be adjudicated

without implicating the rights of everyone involved with the res." The court pointed out that even though a class claim for punitive damages may create a single pool of recovery, "a common interest in a pool of funds is not the type of interest that permits aggregation of claims under the 'common fund' doctrine." Each class member could sue separately for punitive damages and have his right to recovery determined without implicating the rights of every other person claiming such damages. Because a class member's right to punitive damages is separate, distinct, and independent from those of other class members, the class claim for such damages does not seek to enforce a single right in which the class has a common and undivided interest. Punitive damages therefore may not be aggregated in a class action and attributed in total to each member of the class.

*Martin,* 251 F.3d at 1292–93 (quoting *Gilman,* 104 F.3d at 1430–31).

Defendant cites the Fifth Circuit's opinion in *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1329 (5th Cir.1995), as support for its argument that punitive damages should be aggregated in this case to form a common fund. The Fifth Circuit, however, has since rejected the holding in *Allen* as "limited—by the panel that decided it—to the unique circumstances of Mississippi law." *H & D Tire and Auto. Hardware Inc.,* 250 F.3d at 304–05; *see also Allen,* 70 F.3d 26, 26 (1995) ("[T]he panel is of the unanimous view that the opinion in this case specifically reflects a result under the Mississippi law of punitive damages and is not to be construed as a comment on any similar case that might arise under the law of any other state.").

Defendant's reliance upon the Northern District of Ohio's opinion in *Knauer v. Ohio State Life Ins. Co.,* 102 F.Supp.2d 443 (N.D.Ohio 2000), is similarly unpersuasive. The *Knauer* court relied upon the Fifth Circuit's decision in *Allen,* which, as the Court has explained, has been subsequently rejected by the Fifth Circuit itself, and the Eleventh Circuit's decision in *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996), which has been abrogated by the Eleventh Circuit, *see Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1076 (11th Cir.2000) (rescinding portion of court's prior opinion that relied upon *Tapscott* ).

 Consistent with the majority of circuits that have considered the issue, this Court concludes that the putative class members' claims for punitive damages cannot be aggregated to create a common fund.

### *Conclusion*

The Court is satisfied that it can properly exercise subject matter jurisdiction based upon diversity over Plaintiff Bowers and accordingly, Plaintiff's motion to remand this action to the state court shall be denied. The Court is further satisfied that it cannot properly exercise federal question subject matter jurisdiction over the proposed class, nor may the putative class members' claims for punitive damages be aggregated to create a common fund.

An Order consistent with this Opinion shall issue forthwith.