Judith B. KENNEDY, individually, and on behalf of all persons similarly situated, Plaintiff—Appellant,

v.

UNUMPROVIDENT CORPORATION; UNUM Life Insurance Company of America; Provident Life and Accident Insurance Company; The Paul Revere Life Insurance Company, Defendants—Appellees.

No. 01–56706.

D.C. No. CV–01–02224–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Nov. 4, 2002.

Before T.G. NELSON, PAEZ, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Plaintiff–Appellant Judith Kennedy filed this action as a class action alleging that Defendants have adopted a policy of improperly classifying fibromyalgia as a mental disorder rather than a physical illness in order to pay reduced disability benefits for fibromyalgia-based claims. Kennedy also alleged an unfair business practice claim under California Business and Professions Code § 17200. The Defendants moved to dismiss or strike the class action allegations on the ground that Kennedy could not satisfy the requirements for maintaining a class action under Rule 23 of the Federal Rules of Civil Procedure and to dismiss or strike the section 17200 claim. The district court granted that motion and gave Kennedy leave to amend to proceed only on her individual claims. When Kennedy declined to amend the district court dismissed the action for failure

to prosecute.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001). We may affirm a dismissal on any proper ground. *See Vestar Dev. II, LLC v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001); *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992) (holding that a reviewing court may affirm denial of class certification on any grounds).

As an initial matter, we reject Kennedy's argument that it was error for the district court to determine, on a motion to dismiss, as opposed to a motion for class certification, whether Kennedy could proceed on her First, Second and Third Causes of Action, all of which requested class relief, and on her Fourth Cause of Action, to the extent that it requested class relief. The Supreme Court has stated that it is sometimes "plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claims." *Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). In addition, Rule 23(c)(1) directs district courts to determine "as soon as practicable" whether the proposed class satisfies Rule 23's requirements.

Among the requirements that Kennedy must satisfy to proceed with her class action under Rule 23(a) is the requirement that the "named parties' claims or defens-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Kennedy does not appeal the dismissal of her individual claims for failure to prosecute, we do not address it here, except to note that it does not bar Kennedy's chal-

lenge to the district court's order granting Defendants' Motion to Dismiss and/or Strike. *See WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc) (stating that "a plaintiff, whose complaint has been dismissed without prejudice, may elect to stand on his pleading").

es 'are ... typical of the class.'" *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (quoting Fed. R. Civ. Proc. 23) (alterations in original). Kennedy's claims are not typical because she may maintain her claim for disability benefits only under the Employees Retirement Insurance Security Act (ERISA), but the claims of other members of the proposed class are not limited to those provided by ERISA; they can maintain claims under state law. *See generally* 29 U.S.C. § 1144 (stating that ERISA preempts state law regulation of employer provided benefit plans). As a result, Kennedy's claim is based on a different legal and remedial theory than the claims of other class members. *See Adamson v. Bowen,* 855 F.2d 668, 676 (10th Cir.1988) (holding that "the claims of the class representative and class members [must be] based on the same legal or remedial theory"). Indeed, other courts, in analogous circumstances, have held that the typicality requirement cannot be satisfied when the class representative may pursue only an ERISA claim, but is attempting to represent class members who can maintain claims only under state law. *See, e.g., Schachner v. Blue Cross & Blue Shield,* 77 F.3d 889, 896 n. 8 (6th Cir.1996); *Bowers v. Jefferson Pilot Fin. Ins. Co.,* 166 F.Supp.2d 552, 557 (E.D.Mich.2001). Because Kennedy's claims are atypical, the district court did not err in granting Defendants' motion to dismiss or strike Kennedy's class claims.

We also affirm the dismissal of Kennedy's Fifth Cause of Action, a representative claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. *See* Cal. Bus. & Prof.Code § 17204; *Kraus v. Trinity Mgmt. Servs., Inc.,* 23 Cal.4th 116, 96 Cal.Rptr.2d 485, 999 P.2d 718, 725 n. 10 (2000) (defining the term "representative action" as "a UCL action that is not certified as a class action [but is one] in which a private person is the plaintiff and seeks disgorgement and/or restitution on behalf of persons other than or in addition to the plaintiff"). Kennedy does not have standing to bring this claim in federal court because any individual claim that Kennedy would have under the UCL is preempted by ERISA. Therefore, Kennedy may maintain a claim under the UCL only on behalf of others and on behalf of the general public, not on her own behalf. Although this is permissible under California law, see Cal. Bus. & Prof.Code § 17204; *Kraus,* 999, 724–25 & n. 10, it is inconsistent with the prudential standing requirement for maintaining a suit in federal court, *see McMichael v. County of Napa,* 709 F.2d 1268, 1269–70 (9th Cir.1983) (outlining constitutional and prudential standing requirements).

AFFIRMED.