Terri SHIELDS, on behalf of herself and all similarly situated,

v.

BRIDGESTONE/FIRESTONE, INC., Bridgestone Corporation, Ford Motor Company, and Raiford Motors, Inc. D/B/A Energy Country Ford.

Civil Action No. 1:02–CV–577.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 18, 2002.

Gene Melton (Zona) Jones, Provost & Umphrey, Beaumont, TX, Elton Joe Kendall, Provost Umphrey Law Firm, Dallas, TX, for Plaintiff.

Michael M. Gibson, Jones, Day, Reavis & Pogue, Houston, TX, for Bridgestone/Firestone Inc., Bridgestone Corp., defendants.

Evan Nicholas Kramer, Brown McCarroll, Houston, TX, for Ford Motor Co. & Raiford Motors, Inc., defendants.

### ORDER AND OPINION DENYING DEFENDANT FORD MOTOR COMPANY'S MOTION TO STAY AND GRANTING PLAINTIFF'S MOTION TO REMAND

SCHELL, District Judge.

This matter is before the court on "Defendant Ford Motor Company's Motion to Stay" filed on September 9, 2002 (Dkt.# 6) (Memorandum in support, dkt. # 7). Plaintiff responded on September 24, 2002 (Dkt.# 11). Defendant filed a reply on October 1, 2002 (Dkt.# 12). A sur-reply was filed by Plaintiff on October 10, 2002 (Dkt.# 16). In order to decide the motion to stay, the court must consider the issues raised by "Plaintiff's Motion to Remand" filed on September 23, 2002 (Dkt.# 10). Defendant Ford filed a response in opposition to the motion to remand on October 8, 2002 (Dkt.# 14). Thereafter, Defendant Bridgestone/Firestone, Inc. filed a joinder in Ford's response in opposition on October 15, 2002 (Dkt.# 17). Plaintiff then filed a reply on October 16, 2002 (Dkt.# 18). After considering the issues raised in the motion to remand, the court is of the opinion that Defendant Ford Company's motion to stay should be DENIED, and the motion to remand should be determined on the merits. After consideration of the motion, the response, the joinder, the reply, and the applicable law, the court is of the opinion that the motion to remand should be GRANTED.

### I. Background

This suit arises out of the incidents that predicated Defendant Bridgestone/Firestone, Inc.'s voluntary recall of 6.5 million ATX, ATX II, and Wilderness AT tires on August 9, 2000. Plaintiff filed this suit on July 31, 2002, in the 172nd Judicial District Court of Jefferson County, Texas for breach of the Texas Deceptive Trade Practices Act ("DTPA"), breach of implied warranty, breach of express warranty, and unjust enrichment against Ford Motor Company ("Ford"), Bridgestone/Firestone, Inc. ("Firestone"), Bridgestone Corporation ("Bridgestone"), and Raiford Motors, Inc., d/b/a Energy Country Ford ("Energy Country") (collectively "Defendants"). Defendants timely removed, or consented to the removal of, the suit to this United States District Court.

### II. Motion to Stay

■ On August 27, 2002, one day after removal, Ford filed with the Judicial Panel on Multidistrict Litigation ("MDL Panel") its "Fifty–Eighth Notice of Related Actions" wishing to have this case, and others, transferred to Chief Judge Sarah Evans Barker of the United States District Court for the Southern District of Indiana, as part of *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation,* MDL Docket No. 1373. *Ford's Mot. to Stay,* Exhibit 1. The MDL Panel issued a

"Conditional Transfer Order" for this case on September 17, 2002. *Pl.'s Resp. to Ford's Mot. to Stay*, Exhibit A. Plaintiff timely filed a notice of opposition to the transfer, causing the conditional transfer order to be stayed until further order of the MDL Panel. *Pl.'s Sur–Reply to Def.'s Mot. to Stay*, Exhibit A. This court is not barred from ruling on the pending motion to remand. In deciding whether to rule on the motion to remand, the court should consider whether the motion raises issues likely to arise in other actions pending in the MDL transferee court.[1] If the motion to remand raises issues similar to those raised in other actions in the transferee court, this court should grant the motion to stay and refrain from ruling on the motion to remand. Allowing the transferee court to rule on issues common to multiple cases avoids the risk of inconsistent and conflicting rulings while conserving judicial resources by avoiding duplicative efforts.

Plaintiff's motion to remand raises three grounds for concluding that the state court petition fails to provide, and Ford has failed to meet its burden of showing, a basis for federal jurisdiction: (1) there is not complete diversity of parties; (2) the amount in controversy per plaintiff does not exceed $75,000; and (3) no federal question is presented in this case. *Pl.'s Mot. to Remand*. These three grounds are specifically related to the facts of this case and the law of this state. There is no risk of needlessly expending this court's resources in ruling on the merits of the motion to remand. Rather, this court's

adjudication on the merits will prevent another court, already burdened due to the litigation arising out of these facts, from having to spend its limited resources on a matter this court is perfectly capable of deciding. Therefore, the motion to stay the case pending further action by the MDL Panel is DENIED.

### III. Motion to Remand

■■■ A party has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C. § 1441. The removing party bears the burden of establishing that a state court suit is properly removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995). The federal removal statute should be strictly construed because it deprives a state court of a case properly before it, thereby implicating important federalism concerns. *Id.* at 365 (citations omitted). Any doubts regarding the propriety of removal are to be resolved in favor of remand to state courts. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9, 61 S.Ct. 868, 85 L.Ed. 1214(1941).

### A. Diversity Jurisdiction

Removal is proper in diversity of citizenship cases "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). Additionally, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

---

1. The Honorable William Terrell Hodges, Chairman of the Judicial Panel on Multidistrict Litigation, specifically addressed in a letter to this court the continuing ability of transferor courts to rule on motions like the one now before the court: "Thus your jurisdiction continues until any transfer becomes effective. If you have a motion pending before you in the action—*particularly a motion to remand to state court* (if the action was removed to your court)—you are *encouraged* to rule on the motion unless you conclude that the motion raises issues likely to arise in other actions in the transferee court, should we order transfer, and would best be decided there." Letter from Chairman William Terrell Hodges, dated September 30, 2002 (emphasis added).

■ Ford contends that there is diversity jurisdiction because the only Texas defendant, Energy Country, is fraudulently joined, and therefore, should be ignored when determining jurisdiction. *Def.'s Opp'n to Pl.'s Mot. to Remand* at 6. Plaintiff argues that she purchased her Ford Explorer from Energy Country in reliance on the salesperson's assurance that the vehicle and the tires were safe. *Pl.'s Mot. to Remand* at 5. According to Plaintiff, this representation by the salesperson supports joinder of Energy Country as a defendant to this DTPA claim. *Id.*

■ To establish that a defendant is fraudulently joined to defeat removal jurisdiction, the removing party bears the *heavy* burden of proving either of the following: (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts; or (2) there is no possibility that the plaintiff would be able to establish a cause of action in state court against the defendant whose citizenship prevents removal. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995). Ford contends that the state court petition does not claim facts to support a cause of action against Energy Country. *Ford's Not. of Removal* ¶ 9. In determining whether a defendant's joinder is fraudulent, courts may consider the parties' pleadings, *affidavits*, depositions, and other evidence outside of the pleadings. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995). The court must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir.1997); *Burden*, 60 F.3d at 217–18.

Ford can prove fraudulent joinder by showing that Plaintiff has no possibility of establishing a claim against Energy Country. Ford has not carried its heavy burden. Plaintiff Shields contends in an affidavit that she purchased her Ford Explorer from Energy Country in reliance on assurances from Energy Country's salesperson that the vehicle and the tires were safe. *Pl.'s Mot. to Remand,* Exhibit A. These alleged affirmative misrepresentations made to the Plaintiff produce the possibility of liability under the DTPA. *See Tenner v. Prudential Ins. Co. of Am.*, 872 F.Supp. 1571, 1573 (E.D.Tex.1994) (Cobb, J.). When the possibility exists that the plaintiff can maintain a cause of action in state court against a non-diverse defendant, the federal court is without diversity jurisdiction and must remand. *See Burden,* 60 F.3d at 217–18.

■ Furthermore, even if Energy Country has been fraudulently joined, Defendants must establish that the amount in controversy exceeds the jurisdictional requirement of $75,000. Ford has failed to carry its burden on this issue as well. Claims of class members may not be aggregated to satisfy jurisdiction. *H & D Tire and Automotive–Hardware, Inc. v. Pitney Bowes Inc.,* 250 F.3d 302, 304 (5th Cir.2001). Other than conclusory statements that the amount in controversy requirement has been established, Ford produces no evidence that a claim by a plaintiff exceeds $75,000. *See Ford's Not. of Removal* ¶ 11. Plaintiff is seeking a variety of types of damages, but all of them, even if aggregated and trebled under the DTPA, fail to approach $75,000.[2]

**2.** Plaintiff seeks the following relief for herself and on behalf of those similarly situated for violations of the DTPA, and for breaches of implied and express warranties: (1) costs and expenses of replacing Firestone tires; (2) diminution in value of owed or leased Ford Explorers due to the alleged defects in the vehicles and the tires; (3) compensation for the excessive sums paid for the products in relation to their true value; (4) compensatory damages; (5) treble damages under the DTPA; and (6) attorneys' fees. *See Ford's*

Therefore, even if Energy Country were fraudulently joined, Ford has failed to establish the requisite amount in controversy needed to satisfy diversity jurisdiction in federal court.

### B. Federal Question

■ Ford asserts that "[f]ederal question jurisdiction also exists because plaintiff's claims are preempted by federal law and raise a substantial question of federal law". *Ford's Not. of Removal* ¶ 4. Ford argues that the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30118, *et seq.* ("Safety Act") preempts Plaintiff's state law claims. *Ford's Not. of Removal* ¶ 20. Additionally, Ford contends that a substantial question of federal law exists because Plaintiff would have to prove a violation of the Safety Act in order to prevail. *Id.* ¶ 26. Plaintiff responds that no federal question exists because only state law claims have been asserted, and there is no federal preemption in this area. *Pl.'s Mot. to Remand* at 13–22.

■ "The plaintiff is generally master to decide what law he will rely upon." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167 (5th Cir.1988) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913)). "A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." *Carpenter*, 44 F.3d at 366 (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). "[I]f the Plaintiff indeed has a

viable state law claim, he may depend on it alone and thereby defeat attempts at removal." *Id.* at 367 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 n. 7, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

■ Although a plaintiff may assert only claims under state law, if complete federal preemption exists or the claims arise under federal law, a federal court will have jurisdiction. For complete preemption to apply, the court must find that Congress intended to completely displace state law causes of actions. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). By its express terms, the Safety Act does not bar state law obligations and remedies: "Sections ... of this title do not establish or affect a warranty obligation under a law of the United States or a State. A remedy under ... this title is in *addition to* other rights and remedies under other laws of the United States or a State." 49 U.S.C. § 30103(d) (emphasis added). Furthermore, allowing Plaintiff to be compensated for damages caused by the alleged action of the Defendants would in no way disrupt or undermine the authority or policy of a federal agency.

■ A case arises under federal law if a "federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425. Although Plaintiff makes references to violations of federal law and the federal investigation and recall pertaining to the incidents alleged in this action, the petition does not raise a substantial issue of federal law. "[T]he mere presence of a federal issue in a state cause

---

*Not. of Removal* ¶ 13. Each of these requested damages has a value that is readily calculable, unlike a claim for mental anguish or punitive damages (which Plaintiff is not seeking). Therefore, when looking at each requested value it is not obvious to the court

that the total sum would exceed $75,000. Each claim is for a relatively small amount of money. Even the attorney's fees, when divided pro rata among the class members, would not inherently cause a plaintiff's claim to reach the jurisdictional minimum.

of action does not automatically confer federal-question jurisdiction." *Thompson,* 478 U.S. at 813, 106 S.Ct. 3229. Even if it were true that Plaintiff would have to establish a violation of the Safety Act in order to prevail on her state law claims, that would not be sufficient to satisfy federal question jurisdiction. *Id.* at 817, 106 S.Ct. 3229.[3]

## IV. Conclusion

The court concludes that there is neither diversity jurisdiction nor federal question jurisdiction in this case. As such, this court is without jurisdiction to hear the case and must remand to the District Court for the 172nd Judicial District, Jefferson County, Texas. Additionally, the court, in its discretion, declines to award Plaintiff her costs and attorney's fees incurred as a result of this removal.

Defendant Ford's motion to stay the case pending further action by the MDL Panel is hereby DENIED.

Plaintiff's motion to remand to state court is hereby GRANTED.

It is so ORDERED.

---

[3]. In *Thompson,* the United States Supreme Court held that alleging a violation of the Federal Food, Drug, and Cosmetic Act as an element of a state law negligence claim did not present a federal question: "We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" 478 U.S. at 817, 106 S.Ct. 3229 (quoting 28 U.S.C. § 1331). The Safety Act does not provide for a private, federal cause of action. *Lowe v. General Motors Corp.,* 624 F.2d 1373, 1379 (5th Cir. 1980).