## BANKERS LIFE CO. v. JACOBY.

No. 12808.

United States Court of Appeals
Ninth Circuit.

Nov. 7, 1951.

Knight, Boland & Riordan, F. Eldred Boland and Burton L. Walsh, all of San Francisco, Cal., for appellant.

Francis T. Cornish, Berkeley, Cal., for appellee.

Before BONE, ORR and POPE, Circuit Judges.

POPE, Circuit Judge.

This was an action seeking a declaratory judgment as to the rights of plaintiff-appellee, Ruth Jacoby, against defendant-appellant, Bankers Life Company, in and to a certain life insurance policy for $5000 which the Company had issued upon the life of Lionel A. Jacoby, appellee's former husband.[1] The trial court held that pursuant to and because of a certain assignment of policy hereinafter mentioned, the appellee became and is the owner of the insured's interest and of the interest of Betty M. Jacoby, present wife and former assignee, in and to the policy here in question. It was held that the appellee has the power to change the beneficiary under the policy, (at present Betty M. Jacoby), and the right to surrender certain extended insurance under the policy for a cash value equal to the reserve thereon at the time of surrender, less indebtedness due the Company. The judgment provided that this cash surrender value may be obtained upon compliance with the terms and conditions · of the policy "other than the physical surrender of the policy".

The sole question upon this appeal is as to whether the court erred in thus holding that physical surrender of the policy was

---

1. Jurisdiction was based on diversity of citizenship. In the trial court appellant asserted want of requisite jurisdictional amount in controversy. It has not assigned as error the court's ruling sustaining jurisdiction. We have considered the question notwithstanding failure of appellant to urge it, and conclude that the trial court's ruling upon the amount in controversy was correct. In issue here is the question of ownership of the entire policy. Such a case, we feel, is not to be distinguished from one "where the controversy relates to the validity of the policy and not merely to liability for benefits accrued; * * * in the latter case, the amount involved is necessarily the face of the policy in addition to the amount of such benefits." Prudential Ins. Co. v. Battershill, 5 cir., 154 F.2d 947, 950.

not a condition to appellee's right to collect such cash surrender value.

The contention is that the assignee of a contract of insurance must surrender the policy itself, that is, yield up or deliver it, as a condition precedent to the payment of the cash surrender value.

It appears from the court's findings that the policy in question, having a face value of $5000, was issued upon the life of Lionel A. Jacoby on June 7, 1930. On July 17, 1947, Jacoby assigned the policy to Betty M. Jacoby, his then wife, who was also made the new beneficiary under the policy. On November 22, 1948, Ruth Jacoby recovered a judgment in the United States District Court for the Western District of Arkansas, against Lionel A. Jacoby and Betty M. Jacoby for the sum of $5800, and the judgment debtors were directed to surrender to Ruth Jacoby all their right, title and claim to the policy of insurance here referred to, the cash value of the insurance policy to be applied to the payment of the judgment. Thereafter, upon showing by motion that the judgment debtors had failed and neglected to execute the necessary transfer or assignment of the policy, the court, pursuant to Rule 70 of the Rules of Civil Procedure, 28 U.S.C.A. appointed a person named in the order to execute an absolute assignment to the appellee here of all the interest of the judgment debtors in the policy in question. The court appointee did execute such an assignment pursuant to the order and due notice thereof was furnished to the Company.

It also appears from the findings that on January 7, 1949, the policy lapsed for nonpayment of premiums due December 7, 1948, but the policy provided that in case of such default the insurance would be automatically extended. The policy provided: "The term of extended insurance will be such as the cash surrender value, above provided, and dividend credits, if any, will purchase at the attained age of the Insured, using net single premium rates according to the reserve basis on page one. * * * The extended insurance or the paid-up Policy or any paid-up additions may be surrendered at any time for a cash value equal to the full reserve thereon at the time

of surrender less any indebtedness to the Company."

The general provision of the policy with respect to the payment of cash surrender value is that at the end of any policy year, provided three full years' premium have been paid, "this policy may be surrendered with a proper release to the Company at its home office for: (A) its cash surrender value".

Appellant says that the effect of this language is to make the actual physical surrender of the written policy itself a condition precedent to the collection of such cash surrender value. It says that the condition precedent is applicable in this case notwithstanding the findings disclosed that the whereabouts of Lionel A. Jacoby are unknown and that the appellee does not have possession of the policy and does not know its whereabouts and that the person last known to have possession of the policy was Lionel A. Jacoby. The order of the District Court in Arkansas, previously mentioned, recited that Lionel A. Jacoby and Betty M. Jacoby had absconded from the jurisdiction of that court after judgment and before a person was designated to execute the assignment.

We note, however, that the right to collect the cash value here involved is not the ordinary case of collection of cash surrender value where the policy was in good standing through the continued payment of premiums. Here there has been default, and the cash surrender value and dividend credits at the time of the policy's lapse have been applied to securing extended term insurance in an amount equal to the face amount of the policy, and for a term which the court found was for 25 years and 84 days from December 7, 1948. The cash value now involved is that referred to in the language above quoted from the policy provisions, namely, that "The extended insurance * * * may be surrendered at any time for a cash value equal to the full reserve thereon at the time of surrender less any indebtedness to the Company".

▮▮ What is to be surrendered here is not the policy but "the extended insurance". We cannot find in this phraseology

any language which requires a construction in accordance with the contention of the appellant. If it were intended that the physical delivery and surrender of the document itself should in all cases be a condition precedent to the payment of any cash value, it would have been a simple matter to find appropriate words to that end. The general rule relating to construction of insurance policies, is that since the policy is drawn by the Company, any doubts or ambiguities must be resolved in favor of the claimant. Aschenbrenner v. U. S. Fidelity & Guaranty Co., 292 U.S. 80, 84, 54 S.Ct. 590, 78 L.Ed. 1137.

The language referred to makes no exception for cases where the policy is destroyed, lost or otherwise becomes unavailable. Since the policy is but evidence of a contract, it cannot have been within the contemplation of the parties that the loss of the document would be the equivalent of loss of the contract itself. No question is raised as to the full validity of the judgment of the Arkansas District Court, of its complete estoppel as against the insured and Betty M. Jacoby, or of its effectiveness to transfer ownership of the policy to appellee. This being so, the appellant cannot suffer in any practical way under that portion of the judgment of which it here complains.

The judgment is affirmed.