**Richard B. KECK, Plaintiff-Appellant,**

v.

**FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant-Appellee.**

No. 15337.

United States Court of Appeals
Seventh Circuit.

April 6, 1966.

John J. Enright, William J. Costello, Chicago, Ill., for appellant. Arvey, Hodes & Mantynband, Chicago, Ill., of counsel.

Donald N. Clausen, Jacob T. Pincus, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., for appellee.

Before CASTLE and SWYGERT, Circuit Judges, and GRANT, District Judge.

SWYGERT, Circuit Judge.

The plaintiff, Richard B. Keck, appeals from the dismissal of a complaint seeking relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, for its failure to meet the $10,000 jurisdictional requirement in diversity actions, 28 U.S.C. § 1332.

The defendant, Fidelity and Casualty Company of New York, a New York corporation, issued a health and accident insurance policy to the plaintiff, a citizen of Illinois, in 1955. The policy provided benefits for accidental bodily injury re-

sulting in either "total" or "partial" disability.[1] If the insured suffered total disability, the policy provided for payments of $50 per week as long as the disability continued for a period not to exceed 200 weeks. If the total disability continued for 200 consecutive weeks and the insured was still totally and permanently disabled, the insurance company was obliged to make a lump-sum payment of $30,000 to the insured. If the period of total disability did not continue for 200 weeks but was followed by a period of partial disability, the policy made provision for smaller weekly payments for a maximum period of 52 weeks, depending upon the degree of partial disability.

The plaintiff's complaint, filed February 4, 1965, alleged that the plaintiff sustained accidental injuries on August 25, 1962 which rendered him totally disabled; that the defendant began making total disability payments of $50 per week and continued to do so until April 29, 1963; that thereafter the defendant, claiming that plaintiff was only partially disabled, made smaller partial disability payments for a total of 52 weeks;[2] and that on April 28, 1964, the defendant terminated all payments, claiming that all benefits stemming from the plaintiff's injury had been exhausted. The complaint prayed for a declaration that the plaintiff was, is, and would be totally disabled for the rest of his life and that the total and permanent disability provisions of the policy were still in effect and would be in effect at the end of 200 weeks (to reinstate the plaintiff's eligibility for the $30,000 terminal payment). The complaint concluded with a demand for a money judgment in the amount of the benefits due under the total disability provisions of the policy.

The district court granted a motion by the defendant to dismiss the complaint on the ground that the matter in controversy did not exceed the $10,000 jurisdictional requirement in diversity cases under section 1332 of the Judicial Code, 28 U.S.C. § 1332. The court stated that the sum in controversy, as alleged in the complaint, was limited to the difference between the amount of the partial disability payments which the plaintiff had received and the amount which the plaintiff would have received under the total disability provisions of the insurance policy to the date of suit, an amount far below the jurisdictional minimum.[3] The court held that no actual controversy subject to declaratory relief under section 2201 of the Judicial Code, 28 U.S.C. § 2201, existed with respect to future benefits which might become due if the plaintiff's contention of total disability was sustained.

The decision of the district court was correct. Future benefits payable under a contract of insurance may be used to compute the sum in controversy for jurisdictional purposes only when the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder, is the matter in dispute. White v. North Am. Acc. Ins. Co., 316 F.2d 5 (10th Cir. 1963); Commercial Cas. Ins. Co. v. Fowles, 154 F.2d 884 (9th Cir. 1946); Mutual Life Ins. Co. of New York v. Moyle, 116 F.2d 434 (4th Cir. 1940).

The allegations of the plaintiff's complaint show that the validity of the insurance policy is not in dispute. According to the complaint, the defendant has not repudiated the contract of insurance; it has asserted only that the conditions upon which the plaintiff's right to

---

1. "Total" disability was defined in the policy as disability which "prevents the insured from performing each and every duty pertaining to his occupation." "Partial" disability was variously defined, but was generally referred to as disability following a period of total disability which "prevents the insured from performing work essential to the duties of his occupation."

2. The complaint stated that payments of $25 per week were made for 35 weeks and that payments of $37.50 per week were made for 17 weeks.

3. If the plaintiff had been continuously eligible for the $50 total disability payments, $3,237.50 would have been owing to him when his complaint was filed.

receive total disability benefits essentially depend have not been satisfied. "The company is obligated to make [total disability] payments only so long as the condition evidencing total and permanent disability continues; and, as this condition, theoretically at least, may change at any time, it is impossible to say that any controversy exists as to any disability payments except such as have accrued. * * * Such a case is to be distinguished from one where the controversy relates to the validity of the policy and not merely to liability for benefits accrued; for, in the latter case, the amount involved is necessarily the face of the policy in addition to the amount of such benefits." Mutual Life Ins. Co. of New York v. Moyle, supra at 435.

The plaintiff contends that a justiciable controversy cognizable under the Declaratory Judgment Act exists when there is an actual controversy between insured and insurer presently capable of judicial resolution, even though a portion of the financial reward may be payable in the future. He argues that his controversy with the defendant is as "actual" as it can be. But this argument begs the jurisdictional question presented. There is no doubt, from the allegations of the plaintiff's complaint, that an actual controversy exists. The plaintiff claims to be totally disabled. The defendant disagrees. True, this controversy is capable of judicial resolution. But the dispute extends only to the question of whether the plaintiff was totally disabled at the time of suit. No other "actual" controversy is present. There is no justiciable controversy with respect to the plaintiff's right to receive the lump-sum payment, because this "right" may never come into existence. It cannot presently be determined; it can only be determined at the end of the 200-week period. The pecuniary amount as to which an actual controversy exists must be limited accordingly; when so limited, it is insufficient to establish the jurisdiction of the district court.

The judgment of the district court is affirmed.