**MASSACHUSETTS CASUALTY INSURANCE COMPANY,**
Plaintiff–Appellant,

v.

**Glen A. HARMON, Defendant–Appellee.**

No. 95–5614.

United States Court of Appeals,
Sixth Circuit.

Argued June 13, 1996.

Decided July 10, 1996.

Jeffrey C. Mando (argued and briefed), Adams, Brooking, Stepner, Woltermann & Dusing, Covington, KY, for plaintiff-appellant.

Leonard J. Stayton (argued and briefed), Inez, KY, for defendant-appellee.

**416**

Before: MERRITT, Chief Judge; KEITH and SUHRHEINRICH, Circuit Judges.

MERRITT, Chief Judge.

The sole issue on this appeal is whether, in a suit to rescind a disability insurance contract, the face value of the contract should be considered in determining whether a complaint avers the jurisdictional amount required to sustain diversity jurisdiction under 28 U.S.C. § 1332. Following the unanimous federal rule, we hold that the face value of the contract should be considered, and we accordingly reverse the district court's order dismissing the complaint for lack of subject matter jurisdiction.

Plaintiff/Appellant Massachusetts Casualty Insurance Company in January 1993 issued to defendant a disability insurance policy with a monthly benefit of $1,140 and a maximum benefit period of sixty months, for a total possible benefit of $68,400. The application for insurance required full disclosure of defendant's prior medical history, and provided that false statements could lead to a loss of coverage under the policy. In July 1993, defendant made a claim for total disability benefits based upon an on-job back injury, potentially reaching the full $68,400 value of the policy. Massachusetts Casualty made $2,280 in benefits payments, but, in the course of evaluating defendant's claim fully, discovered a prior medical history of lower back pain and anxiety that had not been disclosed by defendant. Massachusetts Casualty then disallowed defendant's claim and made demand for $890.26, which is the difference between the benefits already paid to defendant and the $1,389.74 in premiums paid by defendant to Massachusetts Casualty before his injury.

Defendant made no return of the alleged overpayment, and in January 1995 plaintiff filed the instant suit in federal district court, seeking $890.26 and demanding that "the attached policy of disability insurance be rescinded as of date of issue." The district court, upon motion by defendant, dismissed the complaint, finding that the relief requested by Massachusetts Casualty did not exceed the sum of $50,000 required for diversity jurisdiction under 28 U.S.C. § 1332. The appeal comes to this Court upon the district court's denial of plaintiff's motion to reconsider.

■ The district court based its holding on its conclusion that "[t]he only claim at issue in the instant action is the plaintiff's claim for $860.26 [sic] in overpayment to the defendant." J.A. at 64. The court, however, completely ignored Massachusetts Casualty's demand, clear upon the face of the complaint, that the contract for insurance be rescinded as of the date of issue because of defendant's alleged misrepresentations. It is upon this claim for rescission that Massachusetts Casualty predicated its diversity jurisdiction, specifically alleging over $60,000 in damages. A district court should consider the amount alleged in a complaint and should not dismiss a complaint for lack of subject matter jurisdiction "unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990). The case thus turns on the presence of Massachusetts Casualty's rescission claim.

■ The clear federal rule is that "where the validity of an insurance policy containing disability benefit provisions is involved in a diversity action in a federal district court, future potential benefits may be considered in computing the requisite jurisdictional amount." Joseph E. Edwards, Annotation, *Determination of Requisite Amount in Controversy in Diversity Action in Federal District Court Involving Liability Under, or Validity of, Disability Insurance*, 11 A.L.R. Fed. 120, 128 (1972) (collecting cases). The only federal court to have addressed the issue in the Sixth Circuit has come to a similar conclusion. *See Button v. Mutual Life Ins. Co. of New York*, 48 F.Supp. 168, 171 (W.D.Ky.1943) (in action by insurance company in which the validity of the entire contract is in question, the face amount of the policy is in controversy). In contrast, "future potential benefits may not be taken into consideration in the computation of the amount in controversy in diversity actions in Federal District Courts involving disability insurance where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits

and not the validity of the policy." 11 A.L.R. Fed. at 132 (collecting cases).

■ This case concerns the validity of defendant's entire policy, not just Massachusetts Casualty's obligation with respect to particular of defendant's disability benefits. Therefore, future potential benefits that might be owed by Massachusetts Casualty should be considered in determining the jurisdictional amount. It does not "appear to a legal certainty" that plaintiff cannot claim the face value of the policy in this regard. Accordingly, the judgment of the district court is REVERSED and the case is REMANDED for further proceedings in accordance with this opinion.