**Albert BOMER, Plaintiff–Appellant,**

v.

**ACCESS CATALOG COMPANY; Dennis Sergent, Grievance Coordinator at Southern Michigan Correctional Facility, Defendants–Appellees.**

**No. 03–1315.**

United States Court of Appeals, Sixth Circuit.

Sept. 4, 2003.

Albert Bomer, pro se, Kincheloe, MI, for Plaintiff–Appellant.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

### ORDER

Albert Bomer, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint construed as filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Bomer sued Access Catalog Company (Access) of Saint Louis, Missouri, and Grievance Coordinator Dennis Sergent. Bomer alleged that, in transactions in 1999 and 2000, Access sent him the wrong television and replaced his defective cassette player with a cheaper brand, and that Sergent improperly accepted a settlement with Access. Bomer contended that the defendants' actions constituted fraud, a breach of an extended warranty, the denial of due process and equal protection, and cruel and unusual punishment. The district court granted Bomer in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

On appeal, Bomer argues that Access was a state actor because the Michigan Department of Corrections approved of the company as a prison vendor.

This court reviews de novo a district court's interpretation of the Prison Litigation Reform Act. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). In reviewing a dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allegations as true. Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 405 (6th Cir.1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

Upon review, we affirm the district court's decision for the reasons stated by the district court. First, the district court properly held that Bomer's complaint failed to state a claim for relief against Access. As a vendor selling products to prisoners in the custody of the Michigan Department of Corrections, Access was not acting under the color of state law and was not liable to Bomer under 42 U.S.C. § 1983. See Flagg Bros. v. Brooks, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); Brock v. McWherter, 94 F.3d 242, 244 (6th Cir.1996). Moreover, Bomer's complaint failed to allege sufficient facts to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Although the parties are of diverse citizenship, Bom-

er did not establish that the amount in controversy exceeded $75,000. Because Bomer's allegations concern a television and a cassette player, "it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Massachusetts Cas. Ins. Co. v. Harmon,* 88 F.3d 415, 416 (6th Cir.1996).

■ Second, the district court properly held that Bomer's complaint did not state a claim against Sergent. Bomer alleged that Sergent conspired with Access by agreeing to settle Bomer's claim against the company, and asked for $10,000 in damages against him. Sergent rejected Bomer's grievance concerning his cassette player and informed him that Access had reported that it gave Bomer a new one as settlement of the warranty agreement. Thus, according to Bomer's own documents, it was Bomer, not Sergent, who reached a settlement with Access. Sergent merely rejected Bomer's grievance, and a prison official cannot be held liable under § 1983 for such an action. *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999).

Bomer's complaint failed to state a claim against either Access or Sergent. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.