**Lester E. SHOEMAKER, a married man, Plaintiff,**

v.

**SENTRY LIFE INSURANCE COMPANY, Defendant.**

**No. CV 07 00480 PHX NVW.**

United States District Court,
D. Arizona.

April 19, 2007.

Kevin Koelbel, Lisa Jeanette Counters, Counters & Koelbel PC, Chandler, AZ, for Plaintiff.

Edward G. Hochuli, Leslie Steve Tuskai, Jones Skelton & Hochuli PLC, Phoenix, AZ, for Defendant.

### ORDER

WAKE, District Judge.

Pending before the court is Plaintiff's Motion for Reconsideration of Motion to Remand (Doc. # 12). The court will grant the motion for reconsideration and will decide the Motion to Remand (Doc. # 10) on the original briefing.

 On April 18, 2007, the court issued an order denying Plaintiff's Motion to Remand (Doc. # 7) on the ground that the amount in controversy requirement for federal diversity jurisdiction under 28 U.S.C. § 1332(a) had been satisfied. *See* Doc. # 11. Having reconsidered the original briefing on that issue, it is now apparent from the Complaint itself that Defendant has not shown and cannot show that the amount in controversy reaches $75,000, exclusive of interest and costs. "The clear federal rule is that where the validity of an insurance policy containing disability benefit provisions is involved in a diversity action in a federal district court, future potential benefits may be considered in computing the requisite jurisdictional amount." *Mass. Cas. Ins. Co. v. Harmon,* 88 F.3d 415, 416 (6th Cir.1996) (internal quotation marks omitted). However, "future potential benefits may not be taken into consideration in the computation of the amount in controversy in diversity actions ... involving disability insurance where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy." *Id.* at 416–17. In this latter context, "only the aggregate value of past benefits allegedly wrongly withheld" is considered to determine the

amount in controversy. *Beaman v. Pac. Mut. Life Ins. Co.,* 369 F.2d 653, 655 (4th Cir.1966). *See also Keck v. Fid. & Cas. Co. of New York,* 359 F.2d 840, 841 (7th Cir.1966); *White v. N. Am. Accident Ins.,* 316 F.2d 5, 6–7 (10th Cir.1963); *Travelers Ins. Co. v. Greenfield,* 154 F.2d 950, 952 (5th Cir.1946); *Russ v. Unum Life Ins. Co.,* 442 F.Supp.2d 193, 197 (D.N.J.2006); *Albino v. Standard Ins. Co.,* 349 F.Supp.2d 1334, 1339 (C.D.Cal.2004); *Mut. Life Ins. Co. of New York v. Moyle,* 34 F.Supp. 127, 129 (E.D.S.C.1940); *Aetna Life Ins. Co. v. Smith,* 345 So.2d 784, 787 (Fla.Ct.App. 1977).

Defendant has failed to show that the amount in controversy requirement has been satisfied. The dispute between the parties concerns whether Plaintiff is entitled to disability payments under his insurance policy for life or instead until he is seventy years old. The Complaint only seeks a declaration that the policy promises monthly long-term disability indemnity payments to Plaintiff for life, so long as Plaintiff's total disability continues through the policy's elimination period. There is no request for damages.

It may be counterintuitive that a declaratory action about quantifiable benefits accruing entirely in the future has no amount in controversy, but it is an arcanum of federal jurisdiction that that is the case. Defendant's attempt to satisfy the amount in controversy requirement by reference to the value of the disputed future disability payments is impermissible under the authority cited above because the validity of the insurance policy itself is not in dispute.

 "Attorneys' fees may be included in computing the amount in controversy 'where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language.' *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir.1998). Arizona law authorizes

a discretionary award of attorneys' fees in contract actions. A.R.S. § 12–341.01(A)." *Burk v. Medical Savings Insurance Co.,* 348 F.Supp.2d 1063, 1068 (D.Ariz.2004). However, Defendant offers no evidence that Plaintiff's attorney's fees have reached the jurisdictional amount of $75,000.00 or that they will in the future, even assuming that fees incurred after removal count toward the jurisdictional amount. *Id.*

Accordingly, Defendant cannot show that the principal amount in controversy reaches the jurisdictional requirement, and it has not shown that Plaintiff's attorney's fees claim reaches that amount. Therefore, the Motion to Remand must be granted.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration of Motion to Remand (Doc. # 12) is granted and the order of April 18, 2007 (Doc. # 11) is vacated.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (Doc. # 7) is granted. This case is remanded to the Superior Court of Arizona, Maricopa County.

IT IS FURTHER ORDERED that the case management conference set for April 20, 2007, is vacated.