NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0724n.06

No. 10-4342

FILED

*Oct 25, 2011*

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DALE G. BECKER,                              )
                                             )
      Plaintiff-Appellant,              )
                                             )
v.                                           )
                                             )      ON APPEAL FROM THE UNITED
CLERMONT COUNTY PROSECUTOR,                  )      STATES DISTRICT COURT FOR
                                             )      THE SOUTHERN DISTRICT OF
      Defendant-Appellee.               )      OHIO
                                             )

Before: MARTIN, Circuit Judge; FORESTER, District Judge.[*1]

BOYCE F. MARTIN, JR. Dale G. Becker, a former Ohio prisoner proceeding pro se, appeals a district court summary judgment grant. The case was filed for breach of contract under Ohio law. Upon review, the panel unanimously agrees that oral argument is not needed, Fed. R. App. P. 34(a), and the case can be decided under Rule 34(j)(1).

Seeking injunctive relief, Becker sued the Clermont County prosecutor alleging that the prosecution breached his plea agreement when he was required to register as a sex offender pursuant to Ohio Revised Code § 2950. The County filed a motion for summary judgment, to which Becker responded.

---

[*]The Honorable Karl S. Forester, United States District Senior Judge for the Eastern District of Kentucky, sitting by designation.

[1]The third member of the panel was disqualified. Therefore, pursuant to 28 U.S.C. §46(d), the panel remains in agreement as to the disposition.

The district court granted the County's motion on alternative bases. First, the court determined that the required damages of $75,000 were neither alleged, nor could be established from Becker's complaint and that he thus did not meet the jurisdictional requirement for diversity cases under 28 U.S.C. § 1332(a). The district court also concluded that, even assuming diversity jurisdiction existed under § 1332, the state's decision to classify Becker and require registration as a sex offender did not establish a breach of contract because the courts in Ohio are not bound by plea agreements under state law, citing *Montgomery v. Leffler-State of Ohio*, 2008-Ohio-6397, 2008 WL 5147935 (Ohio Ct. App. Dec. 5, 2008). The court concluded that the absence of the sex offender requirement from the written pleas was not a negotiated term that could be enforced under a contract theory.

On appeal, Becker repeats the allegations presented to the district court. The County argues that Becker's brief should be stricken pursuant to Federal Rule of Appellate Procedure 25(a)(2)(A) and Sixth Circuit Rule 26 because it was untimely filed. We need not decide whether Becker's untimely brief should be stricken from the record because it presents the same arguments presented to the district court, none of which have merit.

We review an order granting summary judgment de novo. *Schreiber v. Moe*, 596 F.3d 323, 329 (6th Cir. 2010); *Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005). Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

To establish his contract theory, Becker submitted two written pleas of guilty that he entered into with the County in 1991. Generally, plea agreements are considered contractual in nature, and any promises made by the prosecution to induce a defendant to plead guilty must be fulfilled. *See Santobello v. New York*, 404 U.S. 257, 262 (1971); *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991). To the extent that the written pleas can be read as "plea agreements" and "contracts" between Becker and the prosecutor, nothing in these documents restricted the court from imposing

a requirement on Becker that he register as a sex offender. Becker cannot rely on terms and alleged promises that the County never made to establish a breach of a plea agreement, even if the written pleas of guilty are construed as contractual in nature. *See United States v. Barrett*, 890 F.2d 855, 864 (6th Cir. 1989), *superceded on other grounds as stated in United States v. Williams*, 940 F.2d 176, 181 n.3 (6th Cir. 1991).

In addition, Becker failed to establish the required amount in controversy under § 1332. Becker admitted that he had not requested damages, and that a calculation of his loss would be impossible. Although Becker later requested the amount of $376,000,000, this request was not made until he filed objections to the magistrate judge's report and recommendation, and need not be considered by this court because it was not first presented to the magistrate judge for consideration. *See Murr v. United States*, 200 F.3d 895, 902-03 n.1 (6th Cir. 2000).

Federal courts consider the amount of damages specified in the complaint, and dismiss where it appears legally certain that a plaintiff cannot claim the jurisdictional amount in good faith. *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996). Here, Becker specified no damages in his complaint, and in his response to the County's motion for summary judgment, disavowed any claim for money damages. Under these circumstances, the district court correctly concluded that diversity jurisdiction does not exist.

The district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.