**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

KAMIES ELHOUTY,
    *Plaintiff-Appellant*,

v.

LINCOLN BENEFIT LIFE COMPANY, a
Nebraska corporation,
    *Defendant-Appellee.*

No. 15-16740

D.C. No.
1:14-cv-00676-
LJO-JLT

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Argued and Submitted May 19, 2017
San Francisco, California

Filed March 27, 2018

Before: Andrew J. Kleinfeld and Kim McLane Wardlaw,
Circuit Judges, and Cathy Ann Bencivengo,[*] District Judge.

Opinion by Judge Kleinfeld;
Concurrence by Judge Bencivengo

---

[*] The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

## SUMMARY[**]

### Diversity Jurisdiction

The panel affirmed the district court's summary judgment in favor of Lincoln Benefit Life Company in a diversity declaratory judgment action concerning an insurance policy.

The panel considered sua sponte whether the district court had subject matter jurisdiction. The panel held that in this declaratory judgment action where the controversy relates to the validity of the policy, the insurance policy's $2 million face amount is the value of the matter in controversy. The panel concluded that the district court properly exercised diversity jurisdiction.

Turning to the merits, the panel held that the district court did not abuse its discretion in striking the plaintiff's expert witness. The panel also held that it was entirely proper for the district court to read the insurance policy, determine that there were no material facts genuinely at issue, and conclude that the policy was unambiguous. The panel held that the district court did not err in granting summary judgment in favor of the insurer, and did not abuse its discretion in denying plaintiff's request to delay consideration of the summary judgment motion.

District Judge Bencivengo concurred with the majority's opinion on the merits, and the conclusion that the district court properly exercised subject matter jurisdiction, but did

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

not join the majority's analysis concerning the proper measure of the amount of controversy in this case.

## COUNSEL

Shani Kochav (argued) and David P. Beitchman, Beitchman & Zekian P.C., Encino, California, for Plaintiff-Appellant.

Katherine L. Villanueva (argued), Ryan S. Fife, and Jason Gosselin, Drinker Biddle & Reatch LLP, Philadelphia, Pennsylvania, for Defendant-Appellee.

## OPINION

KLEINFELD, Senior Circuit Judge:

We address subject matter jurisdiction and other issues in this declaratory judgment action about an insurance policy.

### I.  Facts

Kamies Elhouty owned a life insurance policy issued by Lincoln Benefit Life Company.  The policy had a $2 million face amount.  Lincoln Benefit takes the position that the policy lapsed because Elhouty did not pay what the policy required.  Elhouty sued Lincoln Benefit for a declaratory judgment that the policy remained in full force and had not lapsed.

Elhouty's policy was a "flexible premium adjustable life insurance policy."  Under its terms, the policy owner was scheduled to pay an annual premium of $125,896 for

12 years. If the owner so desired, he could terminate the policy and receive its "surrender value," which was calculated by a formula stated in the policy. If the net surrender value fell below a certain amount, however, the owner had to make up the deficit within a 61-day grace period. If sufficient payment was not made by the end of the grace period, the policy would lapse.

On July 23, 2013, Lincoln Benefit mailed Elhouty a notice that his policy's net surrender value was below the required level. The letter said that the policy would terminate on September 22 if Elhouty did not pay $55,061.49. It warned that even though Elhouty might still receive regular premium notices during the grace period, his policy would lapse unless he paid the $55,061.49.

Elhouty did not pay anything during the grace period. On September 22, Lincoln Benefit sent Elhouty a letter informing him that his policy had lapsed. Elhouty tried to pay his regular premium amount of $31,250 on September 24. But on October 1, Lincoln Benefit mailed Elhouty a letter stating that his policy was no longer active, that Lincoln Benefit would return his September 24 payment, and that he would have to pay $55,880.08 by October 31 if he wished to reinstate the policy. Elhouty did not pay the $55,880.08.

Elhouty sued Lincoln Benefit in California state court. Lincoln Benefit removed the case to the Eastern District of California under diversity jurisdiction.

Once litigation was underway, the district court issued a scheduling order that included a deadline for designating expert witnesses. Under Federal Rule of Civil Procedure 26(a)(2)(B), expert designations had to include the expert's

report. Although Elhouty designated his proposed expert by the deadline, he did not include his expert's report. The expert had not yet prepared one. When Lincoln Benefit moved to strike the designated expert, Elhouty did not file an opposition. The district court struck the expert designation. In so doing, the court noted that Elhouty had not explained his failure to comply with the discovery order, shown that his failure to comply was substantially justified or harmless, or given his expert enough materials to consider in preparing a report. Elhouty moved for reconsideration of the order to strike, but he did not produce a report from the proposed expert witness or sufficiently explain his failure to oppose the motion to strike. The district court denied his motion for reconsideration.

The district court ultimately granted summary judgment for Lincoln Benefit. The court also rejected Elhouty's request to defer consideration of the motion until he had deposed the Lincoln Benefit official most knowledgeable about lapsed policies. The court ruled that Elhouty had failed to demonstrate that any evidence elicited in the deposition could possibly be dispositive of the summary judgment motion. Elhouty appeals.

## II. Jurisdiction

We consider sua sponte whether the district court had subject matter jurisdiction.[1] Under 28 U.S.C. § 1332(a), district courts have jurisdiction in diversity cases only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." The parties here are

---

[1] *See United States v. S. Pac. Transp. Co.*, 543 F.2d 676, 682 (9th Cir. 1976).

completely diverse.  But the contours of our amount in controversy jurisprudence are not entirely clear,[2] so we address that requirement sua sponte here.

Whether a case is about an insurance policy or a declaratory judgment does not control jurisdiction one way or the other.  For example, if the issue is whether certain installments should be paid under a disability policy, the policy's face amount does not establish the value of "the matter in controversy."  Rather, the "value of the object of the litigation"[3] is the amount of the unpaid installments allegedly due.[4]

That rule does not apply in this case, however.  The issue is not whether Elhouty owes Lincoln Benefit some amount of money.  Elhouty had the *option* of paying to keep the policy in force, but he was entitled to not pay and to let the policy lapse.  The issue is also not whether Lincoln Benefit owes Elhouty any particular policy benefits.  There is no claim that either party owes the other some sum of money.  Instead, this case concerns whether the policy remains in force or was instead properly terminated.

---

[2] *See, e.g.*, *Mass. Mut. Life Ins. Co. v. Chang*, No. 16-cv-03679-EMC, 2016 WL 6778664, at *3 (N.D. Cal. Nov. 16, 2016); *Bank of Am. Grp. Benefits Program Fiduciary v. Riggs*, No. cv06-02805-PHX-NVW, 2007 WL 1876589, at *2 (D. Ariz. June 28, 2007).

[3] *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

[4] *See N.Y. Life Ins. Co. v. Viglas*, 297 U.S. 672, 676 (1936); *Keck v. Fidelity & Cas. Co. of N.Y.*, 359 F.2d 840, 841 (7th Cir. 1966).

Therefore, this case is not like *New York Life Insurance Co. v. Viglas*[5] or *Keck v. Fidelity & Casualty Co. of New York*.[6] In *Viglas*, the insurance company did not repudiate the policy, and the policy survived as an enforceable obligation for many purposes.[7] Likewise in *Keck*, the insurance policy's continuing validity was not in dispute, so the controversy was limited to accrued disability payments.[8] *Keck* expressly distinguished itself "from [a case] where the controversy relates to the validity of the policy and not merely to liability for benefits accrued."[9]

This case is more like *Bankers Life Co. v. Jacoby*.[10] There, we held that when a case is about the ownership of a policy (rather than liability for certain benefits), the amount in controversy "is necessarily the face [amount] of the policy" in addition to the benefits due.[11] Similarly, we wrote in

---

[5] 297 U.S. 672 (1936).

[6] 359 F.2d 840 (7th Cir. 1966).

[7] 297 U.S. at 676–77.

[8] 359 F.2d at 841.

[9] *Id.* at 842 (quoting *Mut. Life Ins. Co. of N.Y. v. Moyle*, 116 F.2d 434, 435 (4th Cir. 1940)); *see also Viglas*, 297 U.S. at 676 ("Upon the showing made in the complaint there was neither a repudiation of the policy nor such a breach of its provisions as to make conditional and future benefits the measure of recovery.").

[10] 192 F.2d 1011 (9th Cir. 1951).

[11] *Id.* at 1012 n.1 (9th Cir. 1951) (quoting *Prudential Ins. Co. of Am. v. Battershill*, 154 F.2d 947, 950 (5th Cir. 1946)); *see also N.Y. Life Ins. Co. v. Kaufman*, 78 F.2d 398, 401 (9th Cir. 1935).

*Budget Rent-A-Car, Inc. v. Higashiguchi* that when a policy's validity is at issue, the policy limit is the amount in controversy.[12]

Indeed, it is long-established that in declaratory judgment actions about whether an insurance policy is in effect or has been terminated, the policy's face amount is the measure of the amount in controversy.[13]  One can imagine other possible measures, perhaps the face amount discounted by the life expectancy of the named insured, or the policy's surrender value.  But no court of which we are aware has used those measures.  And because they would generate complexity, uncertainty, and litigation unrelated to the merits, there is no good reason to adopt them.  Clarity and predictability are more valuable than whatever theoretical precision some more subtle measure would provide, and no court has adopted any measure other than the face amount of the policy.

This case is the one that *Keck* distinguished: "one where the controversy relates to the validity of the policy and not merely to liability for benefits accrued."[14]  Therefore, the policy's $2 million face amount is the value of the matter in

---

[12] 109 F.3d 1471, 1473 (9th Cir. 1997).

[13] *See* 14AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3710, at 786–91 (4th ed. 2011); *see also, e.g.*, *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834–35 (8th Cir. 2003); *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 417 (6th Cir. 1996); *Stephenson v. Equitable Life Assur. Soc. of U.S.*, 92 F.2d 406, 410 (4th Cir. 1937); *Bell v. Phila. Life Ins. Co.*, 78 F.2d 322, 323 (4th Cir. 1935); *N.Y. Life Ins. Co. v. Swift*, 38 F.2d 175, 177 (5th Cir. 1930).

[14] 359 F.2d at 842 (quoting *Mut. Life*, 116 F.2d at 435).

controversy. The district court properly exercised jurisdiction.

## III. Merits

Elhouty argues that the district court abused its discretion in striking his expert witness. But he missed the deadline for disclosing expert reports, and he did not timely oppose the motion to strike. The district court did not abuse its discretion in deciding to strike Elhouty's expert report. And Elhouty has not shown how an expert opinion could have helped his case. To this day, we know only the general subject matter his expert would have addressed. The district court therefore did not abuse its discretion in denying Elhouty's motion to reconsider.[15]

Elhouty also argues that summary judgment was inappropriate.[16] More specifically, he argues that the district court should not have interpreted the policy terms and that there was a genuine issue of material fact about whether Lincoln Benefit properly mailed the policy termination notice. But it is undisputed that Lincoln Benefit mailed Elhouty a letter on July 23 stating that his policy would lapse on September 22 unless he paid $55,061.49. As required by the policy, Lincoln Benefit sent the notice to Elhouty's "most

---

[15] *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011) (reviewing discovery rulings for abuse of discretion); *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010) (reviewing the denial of a motion for reconsideration for abuse of discretion).

[16] *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Argonaut Ins. Co.*, 701 F.2d 95, 96 (9th Cir. 1983) (reviewing grant of summary judgment de novo).

recent address . . . at least 30 days prior to the day coverage lapse[d]." The notice complied with the California Insurance Code.[17] Elhouty suggests that he did not receive the notice, but the policy only required that Lincoln Benefit mail a notice—not that Elhouty receive it. According to *Jensen v. Traders & General Insurance Co.*, California law does not require that the insured actually receive the notice.[18] Elhouty's argues that notice of the grace period cannot also constitute notice of the lapse, but that argument is not supported by either the law or the contract terms.

In short, there is no genuine issue about whether Elhouty needed to pay $55,061.49 to keep his policy from lapsing or whether Lincoln Benefit mailed the required notice at least 30 days before the policy lapsed. Those are the only facts that matter. It was entirely proper for the district court to read the policy, determine that those were the only material facts, and determine that they were not genuinely at issue. The policy was unambiguous. Accordingly, the district court did not err in granting summary judgment for Lincoln Benefit.

---

[17] The relevant statutory provision reads:

> A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

Cal. Ins. Code § 10113.71(b)(1).

[18] 345 P.2d 1, 5–8 (Cal. 1959) (in bank).

And because there was nothing to gain by deposing the Lincoln Benefit official most knowledgeable on policy lapses, the district court did not abuse its discretion in denying Elhouty's request to delay consideration of the motion.[19]

**AFFIRMED**.

BENCIVENGO, District Judge, concurring:

I join in the majority's opinion on the merits of the appeal. I also agree with the majority's conclusion that the district court properly exercised subject matter jurisdiction. I write separately, however, because I disagree with the majority's reliance on *Bankers Life Company v. Jacoby*, 192 F.2d 1011 (9th Cir. 1951), and *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997), as applicable to the analysis of subject matter jurisdiction here. Neither case holds that the face value of an insurance policy is always the proper measure of the amount in controversy.

I also disagree with the implication that the complexity and uncertainty of using other measures to determine the amount in controversy is a relevant consideration to the analysis of subject matter jurisdiction. A defendant's burden to establish removal jurisdiction is not supposed to be easy. To the contrary, "[i]t is to be presumed that a cause lies outside" of a federal court's limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover, there is a "strong presumption" against removal

---

[19] *See Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010) (reviewing the decision not to permit additional discovery for abuse of discretion).

jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[w]e strictly construe the removal statute against removal jurisdiction, [and] [f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* It is not for the court to allow a defendant to use a less accurate measure of the amount in controversy simply to ease the defendant's burden or the court's obligation to assure itself that subject matter jurisdiction exists.

In sum, I concur in the result on the merits and the conclusion that the district court had subject matter jurisdiction, but I do not join in the majority's analysis that because it is an easier measure it is the proper measure of the amount in controversy here.