NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETRA MARTINEZ; STANLEY ATKINSON,

　　　　　Plaintiffs-Appellants,

　v.

AMERICA'S WHOLESALE LENDER,

　　　　　Defendant-Appellee.

No.　18-17058

D.C. No. 5:18-cv-02869-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted March 12, 2019[**]

Before:　　LEAVY, BEA, and N.R. SMITH, Circuit Judges.

　　　Petra Martinez and Stanley Atkinson appeal pro se from the district court's

judgment dismissing their action alleging state law claims arising out of

foreclosure proceedings.　We have jurisdiction under 28 U.S.C. § 1291.　We

consider sua sponte whether the district court had subject matter jurisdiction.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

*Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 755 (9th Cir. 2018).  We vacate and remand.

Plaintiffs filed this action in state court alleging only state law claims against America's Wholesale Lender ("AWL").  AWL removed the case to federal court on the basis of diversity of citizenship under 28 U.S.C. § 1332(a)(1).

AWL represented in its removal papers that it "was a corporation incorporated" in New York and had its principal place of business in New York.  Plaintiffs attached to their complaint records from the State of New York suggesting that "American Wholesale Lender, Inc." had dissolved in 2016.

On appeal, AWL states that AWL is a "fictitious business name used by Countrywide Home Loans, Inc.," but the record is devoid of any information concerning Countrywide's state of incorporation and principal place of business.

We are unable on this record to make a determination as to whether diversity jurisdiction existed.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (recognizing presumption against removal jurisdiction; we "strictly construe the removal statute," and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance").  We therefore vacate the district court's judgment and remand for further proceedings.

AWL's request for judicial notice (Docket Entry No. 11) is denied as moot.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**