NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEE ARTHUR RICE II, | No. 18-35459 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00441-BLW |
| v. | |
| DALE MOREHOUSE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted November 8, 2019
Portland, Oregon

Before: GILMAN,[**] PAEZ, and RAWLINSON, Circuit Judges.

Lee Arthur Rice II appeals the district court's orders excluding his proffered

experts' testimony from a jury trial in this civil rights case. We have jurisdiction

under 28 U.S.C. § 1291. We review the district court's imposition of discovery

sanctions under the abuse-of-discretion standard. *See Elhouty v. Lincoln Benefit*

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

*Life Co.*, 886 F.3d 752, 756–57 & n.15 (9th Cir. 2018). For the reasons discussed below, we affirm.[1]

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of an expert witness "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2). Rule 37 "gives teeth" to Rule 26's requirements "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37(c)(1). "Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Yeti by Molly, Ltd.*, 259 F.3d at 1106. In addition, a district court has discretion, "on motion and after giving an opportunity to be heard," to provide alternative sanctions. Fed. R. Civ. P. 37(c)(1).

Here, Rice disclosed his experts in December 2017, long after the scheduling order's September 15, 2014 expert disclosure deadline had passed. Rice argues that the district court abused its discretion in not finding that Rice's delay was "substantially justified." Rice primarily relies on events that occurred *after* Rice missed the expert disclosure deadline, such as delays associated with defendants'

---

[1] Rice also appeals the district court's order granting partial summary judgment to defendants, which we reverse in a separate opinion.

2

appeals of the denial of qualified immunity. But logically, events occurring after the expert discovery deadline cannot justify Rice's failure to meet it.

Rice also points to the district court's June 2014 order partially granting the motion for a protective order, but Rice does not explain how the order justifies his delay. The order permitted Rice to conduct discovery "limited to identifying the role each defendant played in the events in question." To the extent that Rice sought to introduce Dr. Mark Cook as a treating physician, the district court expressly permitted it as non-expert testimony. Similarly, to the extent that Rice sought to introduce Dr. James Davidson as an expert on Post Traumatic Stress Disorder (PTSD), it is not clear how the protective order could have hindered the development of Davidson's testimony about Rice's condition.[2] Finally, although Rice also sought to introduce testimony from two experts on the use of excessive force, Rice does not explain how the protective order hindered the development of their testimony or how the protective order substantially justified Rice's three-year delay.

In sum, the district court did not abuse its discretion in impliedly finding that Rice's untimely expert disclosures were not "substantially justified." *See Elhouty*,

---

[2] In any event, Rice's attorney only recently discovered Rice's PTSD, and so the protective order could not have hindered the development of that testimony before the September 2014 deadline. Rice does not argue here that the recent discovery of his PTSD substantially justified his delayed disclosure of Dr. Davidson.

886 F.3d at 756–57.  Moreover, because Rice concedes that the exclusion did not amount to a dismissal of his claims, the district court was not required to consider lesser sanctions.  *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012).  Especially in light of the "particularly wide latitude" we give to a district court's imposition of sanctions under Rule 37(c)(1), *Yeti by Molly, Ltd.*, 259 F.3d at 1106, we decline to disturb the district court's imposition of sanctions under that rule here.

**AFFIRMED.**