**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY C. ROTE, | No. 19-35847 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00082-MO |
| v. | |
| LINDA L. MARSHALL; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 18, 2021**

Before: CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Timothy C. Rote appeals pro se from the district court's judgment

dismissing his action alleging various state law claims concerning his attorney

malpractice action. We have jurisdiction under 28 U.S.C. § 1291. We consider

sua sponte whether the district court had subject matter jurisdiction. *Elhouty v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Lincoln Benefit Life Co.*, 886 F.3d 752, 755 (9th Cir. 2018).  We vacate and remand.

Following the removal of this action by the sole federal defendant under 28 U.S.C. § 1442(a), the district court dismissed all claims against the United States under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Because this dismissal was jurisdictional, the district court lacked jurisdiction to adjudicate Rote's state law claims.  *See Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806-07 (9th Cir. 2001) (if federal claims are dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, a district court lacks the authority to exercise supplemental jurisdiction over remaining state law claims under 28 U.S.C. § 1367).  Accordingly, the district court was required to remand the action to state court once Rote's claims against the United States were dismissed for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

We vacate the district court's judgment and remand with instructions for the district court to remand the case to state court.

The motions for disqualification (Docket Entry No. 22) and to supplement the record on appeal (Docket Entry Nos. 35 and 38) are denied as moot.

Each party will bear its own costs on appeal.

**VACATED and REMANDED.**